NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3432
_____

HARRY F. SMITH,
                                    Appellant

v.

FRANCIS F. REBSTOCK; FELINA GUSTOSON; EUGENE EDWARD T. MAIER;
DAMIEN SAMMONS; KATHERINE LEWIS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:10-cv-01515)
District Judge:  Honorable Louis H. Pollak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2012
Before:  SLOVITER, SMITH and GREENBERG, Circuit Judges

(Opinion filed : March 8, 2012  )
_____

OPINION
_____

PER CURIAM

        Harry F. Smith, proceeding pro se, appeals from the District Court's dismissal of

his claims in this civil rights action.  For the reasons that follow, we will affirm.

I.

In April 2010, Smith filed a pro se complaint in the District Court pursuant to 42 U.S.C. § 1983, naming Philadelphia Court of Common Pleas Judge Eugene Maier, Arraignment Court Magistrate Francis Rebstock, Assistant District Attorney Damien Sammons, and Philadelphia Department of Human Services ("DHS") social workers Katherine Lewis and Felina Gustoson as defendants. According to the complaint, at some point Smith had been charged with various sex offenses in state court. On April 21, 2008, Magistrate Rebstock set bail at $100,000. Three days later, Smith received a letter from Lewis stating that the police had given DHS "a founded report of substantial evidence of child abuse," and that such a report "'may adversely affect your ability to obtain employment in any agency which provides care for children.'" (Compl. 5 (ostensibly quoting Lewis's letter).) On May 9, 2008, Smith received another letter, this time from both Lewis and Gustoson, stating that "the agency investigation determined substantial evidence constituting child abuse to be 'indicated' against [him], and that if [he] wish[ed] to review the findings he may notify the Public Welfare Secretary." (Compl. 5 (ostensibly quoting Lewis's and Gustoson's letter).) On April 4, 2009, a jury found Smith not guilty of all criminal charges.

Smith's complaint, which sought $2,525,000 in damages, alleged that Judge Maier, Magistrate Rebstock, and Sammons had violated his rights under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments. As for Lewis and Gustoson, the complaint alleged that they had violated Smith's Fifth and Fourteenth Amendment rights, and

2

"caused [him] to suffer mental distress, discomfort, and defamation by declaring [him] as a child abuser for public viewing." (Compl. 5.) Notably, the United States Marshal was able to effectuate service of the complaint only on Judge Maier, Magistrate Rebstock, and Lewis.

In May 2010, Judge Maier and Magistrate Rebstock collectively moved to dismiss the claims against them; Lewis followed suit a few months later. On April 1, 2011, the District Court entered an order granting Judge Maier's and Magistrate Rebstock's motion to dismiss. In doing so, the court concluded that the claims against them were barred by the Eleventh Amendment and the doctrines of judicial and quasi-judicial immunity, and that amendment of those claims would be futile.

On August 4, 2011, the court entered another order, this time granting Lewis's motion to dismiss. To the extent Smith's claims were brought against Lewis in her official capacity, the court concluded that Smith "has not alleged any facts suggesting that a policy or custom of [DHS] caused the constitutional violations." (Dist. Ct. Mem. entered Aug. 4, 2011, at 3-4.) To the extent the claims were brought against Lewis in her personal capacity, the court held as follows: (1) the Fifth Amendment did not apply to Lewis because she was a municipal, not a federal, employee; (2) the complaint failed to state a substantive due process claim because Smith "provides no facts indicating Lewis acted negligently or arbitrarily in her investigation, let alone that her conduct was so egregious that it 'shocks the conscience'"; (3) the complaint failed to state a procedural due process claim because "[e]ven assuming that Smith was deprived of a protected

3

individual interest, he does not allege how the procedures in place were inadequate or insufficient"; and (4) to the extent the complaint alleged a defamation claim, that claim failed because Smith "has not alleged any facts indicating that Lewis published any communication to a third party." (Id. at 4-6 & n.1.)

Smith now seeks review of these two District Court orders.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291,[1] and exercise plenary review over a district court's decision to grant a motion to dismiss. Gallo v. City of Phila., 161 F.3d 217, 221 (3d Cir. 1998). With respect to the District Court's decision to grant Judge Maier's and Magistrate Rebstock's motion to dismiss, we hold that, for the reasons provided by the District Court, that decision was proper. As for the District Court's decision to grant Lewis's motion to dismiss, we agree with the reasoning underlying the court's conclusion that the complaint's allegations against Lewis are insufficient to state a claim under Fed. R. Civ. P. 12(b)(6). Although Smith was afforded an opportunity to identify in his appellate brief any amendments to his claims against

---

[1] Although the District Court did not adjudicate Smith's claims against Sammons or Gustoson, the court's August 4, 2011 order nonetheless is final and appealable, for those two defendants were never served and thus are not considered parties to this lawsuit. See De Tore v. Local # 245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980). We also note that, despite the fact that Smith's notice of appeal referenced only the August 4, 2011 order, we may consider both that order and the April 1, 2011 order. See Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992) ("We have held that appellate jurisdiction vests over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent, the opposing party is not prejudiced and has a full opportunity to brief the issues." (citations omitted)).

Lewis that might enable him to survive dismissal under Rule 12(b)(6), he did not identify any such amendments. Accordingly, we need not disturb the District Court's dismissal of Lewis's claims. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (concluding that "it was unnecessary to provide [plaintiff] with an opportunity to amend his complaint because any amendment would have been futile").

We have considered the various arguments in Smith's appellate brief and conclude that they are meritless. Accordingly, we will affirm the District Court's orders. Smith's request for an order compelling DHS to "immediately remove [his] name from off their State child abuse registry" is denied.