GLD-258                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2722 & 12-3000
_____

HARRY F. SMITH,
                                        Appellant

v.

FRANCIS F. REBSTOCK; EUGENE EDWARD T. MAIER; DAMIEN SAMMONS;
KATHERINE LEWIS; FELINA GUSTOSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania of
(D.C. Civil No. 2-10-cv-01515)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
August 16, 2012

Before:  FUENTES, GREENAWAY, JR., and BARRY, <u>Circuit Judges</u>

(Opinion filed: September 12, 2012)
_____

OPINION
_____

PER CURIAM

        Harry F. Smith, proceeding pro se, appeals from two orders of the District Court.

For the reasons that follow, we will summarily affirm.

Because we write primarily for the parties, who are fully familiar with the background of this case, we set forth only the facts and procedural history that are of central relevance to our decision. Smith filed a pro se civil rights complaint in District Court against five defendants, including Assistant District Attorney Damien Sammons and Philadelphia Department of Human Services social worker Felina Gustoson. According to the complaint, Smith had been charged with various sex offenses in state court; a jury found him not guilty of all criminal charges in April 2009. Smith then filed the civil rights suit against the defendants related to his prosecution. The District Court granted Smith leave to proceed in forma pauperis. The U.S. Marshals Service effected service, or attempted to effect service, of the complaint, but was unable to locate and serve defendants Gustoson and Sammons. The three served defendants subsequently moved for dismissal of the claims against them. The District Court granted their motions for dismissal, and we affirmed those decisions.

Most recently, the District Court denied Smith's requests for entry of default judgment against defendants Gustoson and Sammons and vacated the referral to the magistrate judge. Smith timely appealed both of these orders.

We review for abuse of discretion the denial of Smith's requests for default judgment against the two defendants upon whom the U.S. Marshals Service was unable to effect service. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). We find none here. The District Court properly explained that a default judgment cannot be entered on a complaint that has not been validly served. See Petrucelli v. Bohringer and

2

Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) (citing Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985)).

Smith also appeals the order vacating referral of the case to a magistrate judge. The District Court designated the Magistrate Judge to preside over the case pursuant to Section 636(b)(1)(A). Under Section 636(b), "magistrates may be designated to . . . hear and determine any pretrial matter, except for eight categories of 'dispositive' pretrial matters; and conduct hearings and recommend dispositions with regard to the eight excepted matters." Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 902 (3d Cir. 1992). During the pendency of Smith's lawsuit, the Magistrate Judge issued only non-dispositive orders, such as the one directing Smith to file a response to a motion to dismiss, while the District Court Judge decided all dispositive motions, such as the motions to dismiss. Section 636(b) contains no limitation on a district court's power to resume control over a case that has previously been referred to a magistrate judge. See 28 U.S.C. § 636(b); see also United States v. Wecht, 484 F.3d 194, 217 (3d Cir. 2007) (holding that district courts have wide discretion in the management of their cases). In vacating the referral under Section 636(b), the District Court was not required to make any showing of good cause or extraordinary circumstances in order to do so. Accordingly, we reject any contention that the District Court committed error under Section 636.

Smith's submissions include statements largely irrelevant to the matters before us, but one of his assertions deserves mention. Smith argues that we did not have jurisdiction to decide his prior appeal of the decisions granting the motions to dismiss

because all matters were not resolved as to all parties.  As we noted in our decision, however, the two defendants who never were served were not made parties to the suit and, thus, even though the District Court did not adjudicate the claims against these two defendants, its orders were final and appealable.  See De Tore v. Local #245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

Because neither appeal currently before us presents a substantial question, we will summarily affirm the District Court's orders entered May 18, 2012, and June 14, 2012. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.