**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4089
_____

HARRY F. SMITH,
                                        Appellant

v.

FRANCIS F. REBSTOCK; EUGENE EDWARD T. MAIER;
DAMIEN SAMMONS; KATHERINE LEWIS; FELINA GUSTOSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-01515)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2014
Before: JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: June 25, 2014)
_____

OPINION
_____

PER CURIAM

　　Harry F. Smith ("Smith") appeals pro se from the District Court's order dismissing his civil rights complaint.  We will affirm.

I.

In 2010, Smith filed a pro se complaint in the United States District Court for the

Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983, naming as defendants

Philadelphia Court of Common Pleas Judge Eugene Edward T. Maier; Magistrate Francis

Rebstock; Assistant District Attorney Damien Sammons; and Philadelphia Department of

Human Services social workers Katherine Lewis and Felina Gustoson. He alleged that,

through their roles in his criminal trial for various sexual offenses,[1] the defendants

maliciously prosecuted him, held him on bail "without reasonable grounds," and defamed

him in violation of his constitutional rights, and he sought compensatory and punitive

damages.

Rebstock and Maier filed motions to dismiss, which the District Court granted on

11th Amendment and judicial immunity grounds. The District Court subsequently

granted Lewis's motion to dismiss.[2] Then, acting pursuant to 28 U.S.C. § 1915(e)(2)(B),

the District Court sua sponte dismissed Smith's complaint and remaining claims against

Gustoson and Sammons as legally frivolous. Smith timely appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary

---

[1] He was acquitted of all charges.

[2] Smith appealed the District Court's orders dismissing his claims against Rebstock, Maier, and Lewis, and we affirmed in Smith v. Rebstock, 465 F. App'x 210, 212 (3d Cir. 2012) (per curiam). Smith later appealed the District Court's denial of his request for default judgment against Sammons and Gustoson, but we summarily affirmed that order

review over the District Court's dismissal of Smith's complaint.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  A federal court may properly dismiss an action sua sponte under the screening provisions of § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks omitted).  In conducting our review, we liberally construe Smith's pro se filings.  See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

For the reasons stated in the District Court's September 19, 2013 order, Sammons is immune from damages stemming from his role in prosecuting Smith on behalf of the Commonwealth.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  And, as the District Court discussed in its August 4, 2011 memorandum granting Lewis's motion to dismiss, Smith's complaint fails to state a claim against Gustoson.  See Hill v. Bor. of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006).  Accordingly, we will affirm the District Court's September 19, 2013 order.

---

in Smith v. Rebstock, 477 F. App'x 884 (3d Cir. 2012) (per curiam).