615 F.2d 980
 22 Empl. Prac. Dec. P 30,706
 Vincent DE TORE a/k/a Vicky De Tore, Appellant,
v.
LOCAL # 245 OF the JERSEY CITY PUBLIC EMPLOYEES UNION,
Thomas DeCarlo, Joseph Onorato, William G. Spedding, Joseph
Spangenberg, Nicholas Palladino, Michael Sylvestri, Maureen
McDevitt, James D. Healey, James Iorio, S. F. Ray Marshall,
Secretary of United States Department of Labor, the
Department of Public Works of the City of Jersey City,
Division of Automotive Services of the Department of Public
Works of the City of Jersey City, Paul T. Jordan, M.D.,
Patrick J. McGovern, M.D., Thomas F. X. Smith, and the City
of Jersey City, Jointly, Severally, and in the Alternative.
 No. 79-1873.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Jan. 8, 1980.
Decided Feb. 28, 1980.
 
 Victor Ruskin, Daniel Hoberman, Arnold Gerst, Robert E. Margulies, Ruskin & Hoberman, Jersey City, N. J., for appellant.
 Robert J. Del Tufo, U. S. Atty., Anne C. Singer, Asst. U. S. Atty., Newark, N. J., Ellen Beard, U. S. Dept. of Labor, Washington, D. C., for appellee Ray Marshall, Secretary of Labor.
 Louis P. Caroselli, Corp. Counsel, Jersey City, N. J., Thomas Fodice, First Asst. Corp. Counsel, West Orange, N. J., Joanne Monahan, Jersey City, N. J., for appellee City of Jersey City, et al.
 Before SEITZ, Chief Judge, and ADAMS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 This is an appeal by the plaintiff from two orders of the district court dismissing her complaint. Plaintiff was employed as a clerk-typist by the Department of Public Works of the City of Jersey City, Division of Automotive Services (the Department) almost continuously from 1972 until mid-1975. After being dismissed in February, 1975, she was rehired on March 10, 1975. Beginning on this date, her salary was paid from funds made available to the city under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. §§ 801-992 (1976), a federal funding program administered by the Department of Labor.[1] Only four months later, however, plaintiff was discharged from this employment.
 
 
 2
 The essence of plaintiff's complaint is that the defendants violated her constitutional rights in terminating her employment. She named as defendants a public employees union and two of its officers (the union defendants),[2] the City of Jersey City, its Department of Public Works and a division of that department, and various city officials and employees (the city defendants), and the Secretary of Labor (the Secretary). More specifically, plaintiff's complaint sets forth claims under two federal civil rights statutes, 42 U.S.C. §§ 1983, 1985(3) (1976).[3] She alleges that the defendants discharged her "for no other reason than plaintiff being a transsexual." She also states in her complaint that the defendants refused to afford her a hearing to contest her discharge and that as a result of the defendants' conduct, she has been unable to secure permanent employment and has suffered mental anguish. She alleges that these actions deprived her of a property interest in continued employment without due process and violated her right to equal protection. In addition, plaintiff also claims that the facts stated in her complaint and a supporting affidavit allege an infringement of a liberty interest in future employment. Finally she asserts that the discrimination against her violated a constitutional right to assert one's sexual preference.
 
 
 3
 After a hearing, the district court granted the Secretary's motion to dismiss for failure to state a claim upon which relief could be granted and the city defendants' motion for summary judgment. We shall examine these decisions of the district court separately.
 
 I. Claims Against the Secretary
 
 4
 The district court granted the Secretary's motion to dismiss after considering memoranda submitted by the parties and hearing oral argument. Because the district court considered matters outside the pleadings, however, it should have treated the Secretary's motion as a motion for summary judgment. See Fed.R.Civ.P. 12(b)(6). Therefore, we will treat the district court's order as, in effect, granting summary judgment in favor of the Secretary. See Sprague v. Fitzpatrick, 546 F.2d 560, 563 (3d Cir. 1976), cert. denied, 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977). Viewing the order in this light, we will affirm the district court's judgment as to the Secretary because we find, on this record, that plaintiff has raised no genuine issue of material fact concerning the Secretary's liability and that the Secretary is entitled to judgment as a matter of law.
 
 
 5
 First, despite the breadth of plaintiff's claims, she nowhere alleges in her complaint or supporting affidavit any acts or omissions by the Secretary or any employee of the Department of Labor that related to the termination of her employment. It appears that the Secretary was not even informed of plaintiff's dismissal until almost three years later, when she filed this suit.
 
 
 6
 Moreover, we do not think that the Secretary may be held vicariously liable for the acts of the city defendants who did participate in the decisions concerning plaintiff's discharge. We have held that liability may not be imposed in § 1983 suits on the basis of respondeat superior. See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). Even if a different rule applies under § 1985(3), an issue we do not decide, we agree with the district court's ruling that the city defendants, in deciding to discharge plaintiff, were not acting as servants of the Secretary and that therefore, their actions were not attributable to him.
 
 
 7
 In reaching this conclusion, we find the Supreme Court's decision in United States v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), instructive. There, the Court was faced with the analogous question of whether a local agency that received federal financial assistance under the Economic Opportunity Act of 1964 was an agency of the federal government, making the United States liable for its negligence under the Federal Tort Claims Act. The Court concluded that:
 
 
 8
 the question here is not whether the community action agency receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government.
 
 
 9
 Id. at 815, 96 S.Ct. at 1976. Although the community action group had to comply with numerous regulations concerning the expenditure of the federal funds, the Court found that local officials maintained complete control over the operation of the agency's programs. Therefore, the Court concluded that the community action agency was not a "federal agency" and that its acts did not subject the United States to liability.
 
 
 10
 CETA does condition receipt of federal funds on compliance with many statutory provisions and regulations. See, e. g., 29 U.S.C. § 815 (1976). Nevertheless, the planning and implementation decisions that are crucial to the operation of the recipient's programs are made at the local level, see, e. g., 29 U.S.C. § 814 (1976),[4] and there is no thorough day-to-day federal supervision of local operations. Moreover, CETA is a successor program to the Economic Opportunity Act that the Court construed in Orleans, and it is designed to be even more decentralized than its predecessor in order to allow local officials to better meet local manpower needs. See H.Rep. No. 93-659, 93d Cong., 1st Sess. reprinted in 1973 U.S.Code Cong. & Admin.News pp. 2935, 2936.
 
 
 11
 Control over the servant's conduct or the right to control his conduct is crucial to the imposition of vicarious liability. See Restatement (Second) of Agency § 220(1) (1958). Here, the Secretary did not exercise any control over the city defendants' decision to discharge plaintiff. Indeed, there is no evidence in the record indicating that the Secretary was even aware of plaintiff's discharge until she filed this suit. Moreover, the Secretary had no right to control the challenged conduct in this case because he had no direct responsibility for the city defendants' initial hiring and firing decisions. Therefore, we hold that the Secretary is not liable for any allegedly unlawful acts committed by the city defendants in discharging plaintiff and that he is entitled to summary judgment.
 
 II. Claims Against the City Defendants
 
 12
 Approximately two weeks after the district court granted the city defendants' motion for summary judgment, it entered an order dismissing the complaint against them. However, the district court filed no opinion with this order, and the order itself contains no discussion of the grounds underlying the district court's decision.
 
 
 13
 The only indication we have of the basis for the entry of summary judgment in favor of the city defendants is a statement made by the district court in its order dismissing the complaint against the Secretary. There the court stated that plaintiff had no property interest in employment, and therefore no due process right to a hearing, merely because her job was funded by CETA.
 
 
 14
 On appeal, plaintiff does not assert that CETA or the regulations promulgated under it create a property interest in continued employment that is protected by due process.[5] See Maloney v. Sheehan, 453 F.Supp. 1131 (D.Conn.1978). See also Gooley v. Conway, 590 F.2d 744 (8th Cir. 1979); White v. City of Paterson, 137 N.J.Super. 220, 348 A.2d 798 (App.Div.1975). Instead, she argues that she has a property interest in her employment that entitles her to due process protections because she is a member of a public employees union that has negotiated a collective bargaining agreement with the City of Jersey City under which union members may be discharged only for "just cause." Plaintiff asserts that this protection against dismissal without "just cause" creates a legitimate claim of entitlement to continued employment. See Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Winston v. United States Postal Service, 585 F.2d 198 (7th Cir. 1978).
 
 
 15
 We need not decide whether such a contract provision could create a protectible property interest, however, because we find no clause in plaintiff's union contract that limits the city's power to discharge a union employee to cases of "just cause." In fact, nothing in the union contract governs termination of employment. The collective bargaining agreement does contain a detailed grievance procedure but it is explicitly limited to the resolution of disputes that arise under the terms of the agreement. Therefore, we find that the plaintiff did not have a property interest in continued employment that entitled her to due process protections.
 
 
 16
 We are unable to determine, however, whether the district court considered the other claims asserted by plaintiff. Although findings of fact and conclusions of law are not required on decisions granting motions for summary judgment, see Fed.R.Civ.P. 52(a), we think that in this case a statement of reason for the district court's decision is particularly desirable to aid possible appellate review.
 
 
 17
 In addition to plaintiff's property interest claim, she asserts that the defendants' conduct constituted a denial of equal protection, a deprivation of a liberty interest in future employment, and an infringement of a constitutional right to assert one's sexual preference. The defendants also have asserted several defenses to these claims. In this situation, we are reluctant to decide complex issues of constitutional law without reasonable assurance that they have received full and fair consideration by the district court. Therefore, because we cannot ascertain which, if any, of the several theories presented by the parties formed the basis of the district court's decision, we think it is appropriate to remand the case to the district court to permit it to articulate reasons for its decision granting summary judgment in favor of the city defendants.[6]
 
 III.
 
 18
 Treating the district court's order dismissing plaintiff's complaint against the Secretary as a grant of summary judgment, we will affirm that order. The order of the district court dismissing the complaint against the city defendants will be vacated and the case will be remanded to the district court for further proceedings.
 
 
 
 [1]
 CETA was extensively revised after the events at issue in this suit took place. The current statute is found at 29 U.S.C.A. §§ 801-999 (West Supp.1979). Unless otherwise noted, all citations to CETA in this opinion refer to the earlier version of the statute
 
 
 [2]
 It appears from the record that the union defendants and Joseph Spangenberg, one of the city officials named in the complaint, never were served with the plaintiff's complaint. Although the district court has not entered an order dismissing these defendants, its orders concerning the other defendants are final and appealable because the unserved defendants never were made parties to this suit. See United States v. Studivant, 529 F.2d 673, 674, n. 2 (3d Cir. 1976); Ferguson v. Bartels Brewing Co. (Pa.), 284 F.2d 855 (2d Cir. 1960)
 
 
 [3]
 Plaintiff also asserted in Count 1 of her complaint that the Department and the union defendants conspired to permit her discharge to stand by refusing to process a union grievance that she filed. She contended that this conduct violated her rights under the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141-187 (1976). However, plaintiff now concedes that she is not an "employee" under the LMRA. See 29 U.S.C. §§ 152(2), 152(3) (1976). Moreover, plaintiff never served the union defendants with her complaint, and the district court never obtained jurisdiction over them. Plaintiff has not pursued this claim on appeal, and we will not consider it further
 
 
 [4]
 Similar provisions are found in the current statute. See 29 U.S.C.A. §§ 813, 819 (West Supp.1979)
 
 
 [5]
 In her affidavit, plaintiff stated that defendants Healey and Iorio told her that there were no review procedures available under CETA that she could have used to contest her discharge. However, federal regulations in force at the time of her dismissal required the City of Jersey City to provide procedures for resolving issues between it and CETA employees. See 29 C.F.R. § 98.26 (1975) (the review procedures have been revised since plaintiff's dismissal, and the new procedures are set forth in 29 U.S.C.A. § 816 (West Supp.1979) and 20 C.F.R. §§ 676.81 et seq. (1979))
 The city defendants admit that no such procedures were in existence at the time of plaintiff's discharge. However, plaintiff's complaint alleges no violations of CETA or its regulations. In fact, plaintiff specifically concedes that no constitutionally protected property interest is created by the relevant regulations. The district court, in its order dismissing the plaintiff's complaint against the Secretary, explicitly declined to consider the city's violation of the CETA regulations, and we will not consider it here because it has not been properly presented to us.
 
 
 [6]
 The city defendants also argue that the plaintiff failed to plead her claims with sufficient specificity. See Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979); Rotolo v. Borough of Charleroi, 532 F.2d 920 (3d Cir. 1976) (per curiam). Given our disposition of this case and the fact that any deficiencies in the complaint might be cured by an amendment, we think that the district court should consider this issue in the first instance