793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT STEVENS, Plaintiff-Appellant
v.
PERRY JOHNSON; ANN ARBOR RENTAL CLINIC DOCTORS; ANN ARBOR
RECORD OFFICE EMPLOYEES; PRISON COUNSELORS; PRISON ASSISTANT
DEPUTY WARDEN, JACKSON STATE PRISON; PRISON OFFICER; PRISON
DOCTORS AT JACKSON PRISON, Defendants-Appellees.
 85-1950
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for counsel, informal brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated a 28 U.S.C. Sec. 1983 action in the district court on May 5, 1982, alleging that he has been denied medical care and that there is a conspiracy of prison officials to murder him. Defendant Johnson was dismissed as a defendant on August 30, 1982. That order was amended on October 29, 1985, and the case dismissed as service of process had not been perfected on any of the other defendants named in plaintiff's complaint.
 
 
 3
 Defendants not served with process are not considered parties to an action. Patchick v. Kensington Publishing Corporation, 743 F.2d 675 (9th Cir. 1984) (percuriam); De Tore v. Local #245, Jersey City Public Employees Union, 615 F.2d 980, 982 n.2 (3rd Cir. 1980); United States v. Studivant, 529 F.2d 673, 674 n.2 (3rd Cir. 1976). Perry Johnson was the only defendant upon which service of process was perfected and, therefore, the only defendant in the action.
 
 
 4
 The complaint attempts to impose liability upon the defendant on the basis of respondeat superior. Liability in Sec. 1983 actions 'will not be imposed solely upon the basis of respondent superior.' Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, ---- U.S. ----, 105 S. Ct. 156 (1984). See also Hays v. Jefferson County, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982).
 
 
 5
 It is ORDERED that the motion for counsel be denied and the decision of the district court affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.