Agustin GARCIA, Appellant

v.

Dr. George E. ACHEBE; Dr. Raymundo Tagle; Paul Talbot; Dr. Lawrence Donkor; Arlene Tinker; Rizwana Naveed Hamid; John Doe; Roy L. Hendricks; Carol Holt; Michelle R. Ricci; Lawrence Talbot; Ellen Warner.

No. 07–4087.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 13, 2008.

Filed: April 1, 2008.

---

**3.** We do not believe the remainder of Marcavage's claims of error have merit, and we reject them without discussion.

Agustin Garcia, Trenton, NJ, pro se.

Sarah B. Campbell, Office of Attorney General of New Jersey, Department of Law and Public Safety, Trenton, NJ, for Roy L. Hendricks and Michael R. Ricci.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Agustin Garcia, a New Jersey state prisoner proceeding *pro se*, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint against Roy Hendricks, the former Administrator of New Jersey State Prison, and Michelle Ricci, the current Associate Administrator. We will summarily affirm.

Garcia filed a civil rights action against New Jersey State Prison and medical personnel claiming deliberate indifference to his medical needs.[1] He later filed an amended complaint (titled "Second Amended Complaint") adding Hendricks, Ricci, and other personnel as defendants. Garcia alleged that he was diagnosed with hepatitis C. He stated that the defendants denied him medical care, and then told him that he had tested negative for the disease. Garcia averred that the defendants' actions were designed to frustrate a civil action he had filed in 2002. Garcia also alleged other problems with his medical care, including a failure to evaluate him after he suffered a head injury and a failure to evaluate his legs and feet.

Garcia further claimed that Hendricks and Ricci retaliated against him for filing his civil action. He stated that in February 2006 Lieutenant Foley ordered his relocation to the noisiest unit even though doctors had ordered that he avoid exposure to noise. He averred that in August 2006 prison officers conducted a shakedown of his cell and took his legal files. Garcia also averred that the administration confined him in a cell containing a carbon monoxide type gas and denied him his prescribed medication.

The District Court granted Hendricks' and Ricci's motion to dismiss the complaint. The District Court construed the complaint as claiming that Hendricks was deliberately indifferent to Garcia's medical needs beginning on or about July 7, 2005, when the complaint was originally filed; and that Hendricks and Ricci retaliated against Garcia beginning on or about July 7, 2005. The District Court dismissed Garcia's claims against Hendricks based on evidence showing that Hendricks

---

1. The District Court dismissed the claims against New Jersey State Prison with preju-dice on July 7, 2005.

stopped working at New Jersey State Prison in 2004.

The District Court dismissed Garcia's claims against Ricci because he had not pleaded a causal connection between the filing of his present complaint and the alleged retaliatory action. The District Court explained that his transfer to a noisy cell, the first alleged retaliatory act, was seven months after he filed his complaint, and the delay was too great to support an inference of causation. The District Court also stated that Garcia did not aver that Ricci knew that he had filed the complaint, and that it was unclear why Ricci would retaliate against Garcia for filing suit against his doctors, who worked for Correctional Medical Services. This appeal followed.[2]

We will affirm the District Court's order on different grounds. See *Maschio v. Prestige Motors,* 37 F.3d 908, 910 n. 1 (3d Cir.1994). Garcia's complaint is ambiguous as to whether he alleges constitutional violations by Hendricks and Ricci beginning on or about July 7, 2005, when the present complaint was filed, or beginning when he brought the earlier action referred to in his complaint.

■ Regardless of when Garcia asserts the violations began, he does not state a claim against Hendricks. Garcia does not state a claim for deliberate indifference to his medical needs because Garcia did not plead that Hendricks had reason to believe that his medical providers were not treating him. See *Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir.2004) (holding prisoner failed to state an Eighth Amendment claim against non-medical prison officials where prisoner failed to so plead). We agree with the District Court that Garcia's retaliation claims against Hendricks fail because the alleged retaliatory acts occurred in 2006, when Hendricks no longer worked at the prison.

■ We disagree with the District Court that Garcia's retaliation claims against Ricci could be dismissed at this stage of the proceedings for lack of causation. To the extent these claims are based on Garcia's earlier lawsuit, we lack any information about that action. Ricci, however, also argued in her motion to dismiss that she cannot be liable on a theory of respondeat superior. Dismissal is warranted on this basis. In his complaint, Garcia avers that under Ricci, and with her consent, an official policy of retaliatory actions was implemented. Compl. at 10. Garcia does not allege that she was personally involved in any of the alleged retaliatory actions. Rather, he contends that Lieutenant Foley ordered his transfer to a noisy cell, and that unit officers and supervisors were involved in the shakedown of his cell. Garcia alleges that he reported the gas leak in his cell to a unit officer, and that a sergeant investigated his complaint. Absent particular allegations of Ricci's participation or actual knowledge, Garcia fails to state a claim for relief. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).

Accordingly, because Garcia's appeal fails to raise a substantial question, we will summarily affirm the District Court's order.

---

2. Although the District Court has not dismissed the remaining persons named as defendants, the order concerning Hendricks and Ricci is final and appealable because the remaining defendants have not been served with the complaint and were never made parties to the suit. *De Tore v. Local No. 245,* 615 F.2d 980, 982 n. 2 (3d Cir.1980).