**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2999
_____

MARY BATJER,
                              Appellant

v.

AHS HOSPITAL CORP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-04613)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2014

Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 12, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mary Batjer, proceeding pro se, appeals the District Court's dismissal of her complaint alleging age discrimination by her former employer, AHS Hospital Corp. For the reasons set forth below, we will affirm the District Court's judgment.

Batjer is a 74 year-old woman. She was hired by AHS Hospital Corp. in October 1992 as a Word Perfect specialist. She eventually became a pediatric coordinator and held that position until AHS terminated her employment in February 2011. Batjer claimed that the first signs of age discrimination occurred when she returned from a hip replacement operation several years ago.[1] Her supervisor's part-time secretary, a woman in her mid-20s, had performed Batjer's duties while she recovered from surgery. When Batjer returned to work, her supervisor often praised his significantly younger secretary for being able to "think outside the box," while commenting that Batjer was "stuck in the old ways." She also claimed that he repeatedly asked when Batjer's other hip would need surgery, and noted what a "big birthday" she was marking on the day she turned 70, though she had never shared her date of birth with him.

Batjer claimed that when her supervisor hired a new doctor as an assistant, he developed a plan to get rid of her in order to promote his part-time secretary to the pediatric coordinator position. At some point in 2010, the assistant accused Batjer of

---

[1] The record is unclear on the timing of Batjer's surgery. The amendment to her complaint stated that the surgery occurred in November 2008. The EEOC charge of discrimination, which was attached to her complaint, stated that it occurred in February 2009.

making a racist comment and filed a complaint with the Human Resources Department. Batjer denied the charge. Eight months later, she was fired and the part-time secretary was promoted into the job. Batjer claimed that the manager of the Human Resources Department threatened to block her application for unemployment benefits unless she signed a release waiving her right to bring suit against AHS. Batjer signed the release and received 18 weeks of severance pay.

Nine months later, Batjer filed a charge of age discrimination against AHS with the Equal Employment Opportunity Commission. The Commission declined the case and issued Batjer a right-to-sue letter. She then filed this complaint in the District of New Jersey, alleging unlawful discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. AHS moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. The District Court held a hearing on that motion — and ruling from the bench — granted it with prejudice. The District Court further concluded that a grant of summary judgment to AHS would also be appropriate. Batjer filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

As the District Court rightly recognized, we must consider first and foremost whether the release Batjer signed is valid. In her complaint, Batjer stated that AHS forced her to sign the waiver by threatening to block her unemployment benefits if she failed to do so. Waivers signed under duress may be ineffective. See generally, 25 Am. Jur. 2D Duress and Undue Influence § 26 (2014). However, at the hearing before the

3

District Court, Batjer explained that she signed the release simply so she could move on with her life. In light of Batjer's statement, the District Court concluded that the release was signed knowingly and voluntarily. That conclusion is bolstered by the fact that Batjer waited over two weeks before she signed the agreement, during which time she consulted two attorneys.[2]

Although we have taken a generous view about what may be considered by a court entertaining a Rule 12(b)(6) motion — see, e.g., In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) — the District Court may have exceeded those limits here when it relied on statements made by Batjer at its hearing. We need not decide that issue, however, because the District Court alternatively ruled that Batjer's complaint could not survive the summary judgment standard. See De Tore v. Local No. 245, 615 F.2d 980, 983 (3d Cir. 1980). We endorse that conclusion.[3] Given the circumstances surrounding Batjer's adoption of the release — including the passage of time, the consultation with counsel, and what she herself has described as her simple

---

[2] The passage of time and consultation with counsel undermine a finding of duress. See, e.g., Coventry v. U.S. Steel Corp., 856 F.2d 514, 525 n.13 (3d Cir. 1988).

[3] "Summary judgment is appropriate when there are no genuine issues of material fact and, viewing the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003). Our review of a district court's grant of summary judgment is plenary. See id. For reasons made clear in the text, any error in the District Court's invocation of summary judgment was harmless under the circumstances presented. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287-89 (3d Cir. 1999).

desire to move on — it is evident that her waiver was knowing and voluntary.  See

Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 294-95 (3d Cir. 2003).

In her opposition to the motion to dismiss, Batjer further argued that the waiver

was ineffective because it did not comply with the Older Workers Benefit Protection Act

(OWBPA), 29 U.S.C. § 626(f).  The OWBPA is an amendment to the ADEA

implementing a statutory stricture on waivers of age discrimination claims.  See Oubre v.

Entergy Operations, Inc., 522 U.S. 422, 426-28 (1998).  Specifically, it provides a

number of factors that must be fulfilled for waivers of ADEA claims to be considered

knowing and voluntary.  The separation agreement at bar fulfills each of the relevant

factors.  See 29 U.S.C. § 626(f)(1)(A)-(G).[4]

In sum, Batjer's release of claims against AHS was knowing, voluntary, and

enforceable, and as the District Court concluded, it stands as an insuperable barrier to her

complaint.  See Wastak, 342 F.3d at 294-95.  Accordingly, we will affirm the judgment

of the District Court.  The motion requesting oral argument is denied.

---

[4]  Batjer appears to argue that the release had to comply with the OWBPA factors relating to waivers of claims by employees who were terminated in an employer's group discharge program.  Because the record does not demonstrate any such group discharge program, the reduction-in-force factors do not apply here.  Cf. Oberg v. Allied Van Lines, Inc., 11 F.3d 679, 682 (7th Cir. 1993) (company's termination program under which over sixty employees were discharged at once constituted a reduction in force, triggering particular provisions of the OWBPA).