**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1475
_____

GERALD S. LEPRE, JR.,
                                        Appellant

v.


PAUL S. LUKUS; CHRISTINE LUKUS; FOREST CITY POLICE DEPARTMENT;
DESIREE L. SHIFLER-FERRARO; PRESIDENT JUDGE KENNETH W. SEAMANS;
ROBERT J. FIELDS; DAVID F. BIANCO; FIELDS & BIANCO INC;
SUSQUEHANNA COUNTY DOMESTIC RELATIONS SECTION; SUSAN
ADAMEC; DEANNA WASHKO; SUSQUEHANNA COUNTY CHILDREN AND
YOUTH SERVICES; RAEBELLE TAYLOR; DIANA SNOW; ROBERTA COLLINS;
DENISE SELLERS; BRENDA LANDES; JODI ELLIS CORDNER; BRIANNA M.
STROPE; MARK H. DARMOFAL; JOHN DOES 1 THROUGH 20, In their individual
and/or official capacities; JANE DOES 1THROUGH 20, In their individual and/or
official capacities; JEFFREY R. NORRIS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:13-cv-00796)
District Judge:  Honorable Robert D. Mariani
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2014
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: February 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Gerald S. Lepre, Jr., appeals from several District Court orders issued in this civil rights action brought under 42 U.S.C. § 1983. We will affirm each of these orders.

I.

In 2012, Lepre filed a complaint pursuant to § 1983 in the United States District Court for the Western District of Pennsylvania ("Western District") against Desiree Shifler-Ferraro (the mother of his daughter), Christine Lukus (his mother), Paul Lukus (his step-father and the Chief of Police in Forest City, which is located in Susquehanna County, Pennsylvania), the Forest City Police Department ("FCPD"), Judge Kenneth W. Seamans of the Susquehanna County Court of Common Pleas, the Susquehanna County Domestic Relations Section of the Susquehanna County Court of Common Pleas ("DRS"), and the Lukus defendants' attorneys and their law firm (David Bianco and Robert Fields, and Fields & Bianco, Inc.).

In short, Lepre asserted that all of the defendants acted under color of state law and conspired to deprive him of his parental rights and extort child support from him. He alleged as follows. In 2006, Judge Seamans issued a custody order providing that Lepre would have partial custody of his daughter, MCL, and that defendant Shifler-Ferraro

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

would have primary custody.  Shifler-Ferraro thereafter relocated several times, allegedly to elude Lepre.  In November 2010, Shifler-Ferraro relinquished custody of MCL to the Lukuses without a formal custody order or Lepre's consent.

In December 2010, Lepre filed for custody of MCL in the Susquehanna County Court of Common Pleas.  The Lukuses filed for child support in January 2011, allegedly at the prompting of the DRS.  The Lukuses were represented by attorneys Fields and Bianco, who are friends with Judge Seamans.  According to Lepre, the cordial relationship between Judge Seamans, Fields and Bianco, and the Lukuses led to preferential treatment during the child support proceedings.  The Court of Common Pleas ultimately entered a child support order against Lepre, and later entered an order for garnishment of Lepre's wages to pay the previously ordered child support.

On March 26, 2013 the Western District dismissed with prejudice Lepre's claims against Judge Seamans, Fields and Bianco, their law firm, and the DRS based on their immunity from suit.  The Western District also ordered Lepre to provide a more definite statement of the claims against the remaining defendants, and transferred the case to the United States District Court for the Middle District of Pennsylvania ("Middle District").

Lepre filed an amended complaint in the Middle District in June 2013.  He again brought claims against the Lukuses, the FCPD, and Shifler-Ferraro.  Lepre also added several new defendants, hereafter referred to as the Susquehanna Defendants.[1]  Lepre's

---

[1] The Susquehanna Defendants are:  Susquehanna County Children and Youth Services ("SCCYS") and two of its employees, the hearing masters for the child support matter,

amended complaint asserted that all of the defendants acted under color of state law and conspired to violate his civil rights. He asserted that Shifler-Ferraro had relinquished her custodial rights of MCL to the FCPD and the Lukuses "to circumvent clearly established law which protects the family unit and in violation of" Lepre's parental rights. Lepre stated that this occurred "through" the Susquehanna Defendants. He alleged that the FCPD and the Lukuses refused to give up custody of MCL, "demanded" child support, and threatened to have him arrested if he took MCL.

Lepre claimed that the FCPD and the Susquehanna defendants prompted the Lukuses to file the child support action, and he asserted that the support orders entered by the DRS were unconstitutional. Lepre asserted that he did not receive fair hearings concerning the child support and custody matters, and that his child and his property were unlawfully seized. He also asserted that 23 Pa. Cons. Stat. Ann. § 4341(b), which confers standing on persons caring for a child to commence a child support action, is unconstitutional on its face because it interferes with the parent-child relationship.

Paul Lukus, the FCPD, and the Susquehanna Defendants moved to dismiss the claims brought against them in the amended complaint. On January 15, 2014, the Middle District granted these motions to dismiss, determining that Lepre had not established a claim under § 1983 against Paul Lukus or the FCPD because he had not identified an unlawful custom, practice, or policy as is required to proceed on a claim against a municipality based on a theory of respondeat superior. See Monell v. Dep't of Soc.

counsel for SCCYS, and several employees of the DRS. The amended complaint also listed 20 John Does and 20 Jane Does.

4

Servs., 436 U.S. 658, 694 (1978).  The Middle District also concluded that it lacked

subject matter jurisdiction pursuant to the Rooker-Feldman doctrine to the extent that

Lepre sought to appeal from the state court orders.  And to the extent that Lepre raised

due process claims concerning the transfer of custody of MCL to the Lukuses and the

resulting support determination, the Middle District determined that, because Lepre had

not shown that the Commonwealth was involved in the transfer of custody, he could not

establish a due process violation.  The Middle District also concluded that Lepre could

not proceed on his challenge to the facial validity of 23 Pa. Cons. Stat. Ann. § 4341(b).

Defendants Shifler-Ferraro and Christine Lukus, neither of whom was represented

by counsel, did not file motions to dismiss.  However, on January 31, 2014, the Middle

District issued an order requiring Lepre to show cause why the claims against them

should not be dismissed for the reasons stated in its January 15, 2014 decision.  Lepre

responded that he could not show cause, and asked the Middle District to issue a final

order.  As a result, on February 11, 2014, the Middle District dismissed Shifler-Ferraro

and Lukus and closed the case.

Lepre now appeals.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291,[2] and exercise

plenary review over the District Courts' decisions dismissing Lepre's claims.  See

---

[2] It appears that the Middle District did not formally dismiss the claims against the Jane
and John Doe defendants.  We nonetheless have jurisdiction over this appeal, for those
defendants were never served (or identified) and are not considered parties to this lawsuit.

DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005). We review the Western District's decision to transfer the case pursuant to 28 U.S.C. § 1404(a) for abuse of discretion. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (stating that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness") (internal quotation marks omitted). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### A. The Western District's March 26, 2013 Order

For substantially the reasons given by the Western District in its opinion accompanying its March 26, 2013 order, the claims against Judge Seamans, attorneys Fields and Bianco (and their law firm), and the DRS were properly dismissed on the basis of immunity. All of Lepre's allegations against Judge Seamans involve actions taken in his capacity as a judge; accordingly, he "has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).[3] The claims against the Lukuses' attorneys were also properly dismissed on

See Del Tore v. Local #245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980).

[3] Although a judge is not immune from suit for actions taken in the clear absence of jurisdiction, we have held that "a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of h[is] court." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-69, 771 (3d Cir. 2000). Judge Seamans was the presiding judge in the custody case involving MCL, and the orders entered in that case cannot be said to be in the "clear absence of all jurisdiction," even if they were allegedly issued out of "malice or corruption of motive." Id. at 772.

6

immunity grounds.  See Heffernan v. Hunter, 189 F.3d 405, 413-14 (3d Cir. 1999) (holding that a civil rights plaintiff may not bring conspiracy allegations against a private attorney who acted within the scope of the attorney-client relationship).  The Western District also properly determined that the DRS, which is a unit of the Commonwealth of Pennsylvania, was immune from suit under the Eleventh Amendment to the United States Constitution.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Finally, for substantially the reasons given by the Western District, that court did not abuse its discretion when it transferred the remaining claims to the Middle District pursuant to 28 U.S.C. § 1404(a).

### B.    The Middle District's January 15, 2014 Order

We also agree with the Middle District's January 15, 2014 decision granting the motions to dismiss Lepre's amended complaint filed by Paul Lukus, the FCPD, and the Susquehanna Defendants.  First, even though Lepre was given the opportunity to amend his claims against the FCPD, his amended complaint, like his original complaint, failed to identify an unlawful policy or custom that was the proximate cause of his injuries, as is required to proceed on a civil rights claim against a municipality under Monell.  See 436 U.S. at 694.[4]

---

Accordingly, to the extent that Lepre claimed that Judge Seamans acted without jurisdiction, this claim is meritless.

[4] The Middle District appeared to apply the Monell test to the § 1983 claims against Paul Lukus.  Monell, however, sets forth the test to determine if municipalities, not individuals, can be held liable under § 1983.  See Monell, 436 U.S. at 694.  The Middle District's error is, however, harmless because, as explained *infra,* Lepre's § 1983 claims against Lukus cannot otherwise survive dismissal.

We also agree that Lepre failed to state a claim for violations of his due process rights. Lepre asserted that he was deprived of his parental rights when Shifler-Ferraro relinquished custody of MCL to the Lukus defendants without any type of hearing, and that the support hearings and resultant orders were "shams" and "bogus."[5] The two essential elements of a § 1983 claim are: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (quotation marks omitted). Assessing such a claim requires that a district court determine "whether the asserted individual interests are encompassed within the [F]ourteenth [A]mendment's protection of 'life, liberty, or property'; if protected interests are implicated, [the court] must decide what procedures constitute 'due process of law.'" Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).

Lepre's allegations concerning the informal transfer of custody of MCL were insufficient to provide any reasonable inference of state action, as he merely added the phrase "acting under color of state law" to each allegation. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks

---

[5] Lepre's appellate briefs claim that the Susquehanna County officials took his daughter from her mother and gave custody to the Lukuses after a complaint of abuse was filed against the child's mother. This appears to be the first time he has made such an allegation, and we will not consider it or any other allegations that he has raised for the first time on appeal. See Gass v. V.I. Tel. Corp., 311 F.3d 237, 246-47 (3d Cir. 2002).

8

omitted). Moreover, the basis for his assertions that what transpired constituted state action seems to be that his father-in-law, Paul Lukus, was the Chief of Police. Neither the fact of Lukus's employment with the police department nor a bald accusation that Lukus threatened to have Lepre arrested is a sufficient basis on which to rest a claim that the Commonwealth was involved in the transfer of physical custody from Shifler-Ferraro to the Lukuses. Accordingly, Lepre cannot sustain any cause of action under § 1983, because he cannot show that the person who deprived him of his parental rights acted under color of state law. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("A private action is not converted into one under color of state law merely by some tenuous connection to state action.").

Further, to the extent that Lepre argues that his due process rights were violated because the "four hearings" he received in relation to the child support and wage garnishment orders were "bogus" or a "sham," such bald allegations are insufficient to defeat a motion to dismiss. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). And for substantially the reasons provided by the Middle District, the court properly determined that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine to the extent that Lepre attempted to challenge these state court orders, even if he did couch his arguments in constitutional terms. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (setting forth a four-part test to determine whether a claim is barred in federal court under the Rooker-Feldman doctrine); Stern v. Nix, 840 F.2d 208, 212 (3d Cir. 1988) (explaining that the

9

complaint in question was merely a "skillful attempt to mask the true purpose of the action, which essentially is to reverse the judicial decision [of the state court]" and was thus barred by Rooker-Feldman).

Lepre next asserts that 23 Pa. Cons. Stat. Ann. § 4341(b) is facially unconstitutional because it interferes with the "parent child relationship," by requiring a parent to pay child support to the "kidnapper" of his child. The statute provides as follows: "Any person caring for a child shall have standing to commence or continue an action for support of that child regardless of whether a court order has been issued granting that person custody of the child." 23 Pa. Cons. Stat. Ann. § 4341(b). A party asserting a facial challenge to a statute's constitutionality must show that the statute "is unconstitutional in all of its applications." United States v. Mitchell, 652 F.3d 387, 405 (3d Cir. 2011) (quotation marks omitted). It is, in fact, "the most difficult challenge to mount successfully." Id. (quotation marks omitted). Lepre's allegations do not even attempt to assert that the statute is unconstitutional under every set of circumstances, and those allegations are otherwise frivolous and require no further consideration.[6]

**C.    The Middle District's January 31, 2014 and February 11, 2014 orders**

On January 31, 2014, the Middle District ordered Lepre to show cause why his claims against defendants Shifler-Ferraro and Christine Lukus should not be dismissed. Lepre responded by requesting that the Court "enter a final order disposing of my matter.

---

[6] Because we conclude that Lepre's challenge to the Pennsylvania statute was insufficient for the above-stated reasons, we need not address the Middle District's bases for dismissing that challenge.

. . . It's obvious that I cannot respond to the rule to show cause order respecting the dismissal of other such defendants." Accordingly, in its February 11, 2014 order, the Middle District properly dismissed the claims against defendants Shifler-Ferraro and Christine Lukus. Additionally, even if Lepre had opposed dismissing these defendants, such an argument would have failed for substantially the reasons set forth in the Middle District's January 15, 2014 decision.

### III.

For the foregoing reasons, we will affirm the Western District's March 26, 2013 order, as well as the Middle District's orders entered on January 15, 2014, January 31, 2014, and February 11, 2014, respectively.