CLD-228                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3434
_____

WILLIAM CRAVEN,
                                        Appellant

v.

AMANDA LEACH, NEW JERSEY DYFS; AMY SAMPSON, THE NEW JERSEY
DEPARTMENT OF CHILD PROTECTION & PERMANENCY;
JOHN DOES, (EMPLOYED THROUGH DHS),
NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES; DCF, ET AL.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-01860)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2016

Before: FISHER, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 28, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

William Craven appeals pro se from the District Court's dismissal of his civil rights complaint. For the reasons that follow, we will summarily affirm that order.[1]

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. New Jersey's Division of Child Protection and Permanency ("DCPP") is part of the state's Department of Children and Families ("DCF").[2] In January 2013, the DCPP received a report alleging that Craven's son had been abused or neglected while in Craven's home.[3] Amanda Leach was the DCPP caseworker who was assigned to investigate the report. Amy Sampson was Leach's supervisor. The investigation was officially closed in February 2013, with DCPP notifying Craven that there was no finding of abuse or neglect.

In 2014, Craven filed a pro se complaint in the District Court against DCF, DCPP,[4] Leach, and Sampson.[5] Therein, Craven raised state-law claims and alleged that

---

[1] Craven's request to join this appeal with Mammaro v. N.J. Div. of Child Prot. & Permanency, C.A. No. 15-1448, is denied. Mammaro has already been decided, see Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164 (3d Cir. 2016), and that appeal is now closed.

[2] Until June 29, 2012, DCPP was known as the Division of Youth and Family Services ("DYFS"). State v. Sumulikoski, 110 A.3d 856, 858 n.1 (N.J. 2015).

[3] As the District Court noted, it appears that Craven did not have full custody of his son.

[4] To the extent that Craven also intended to name DYFS as a defendant, there was no need to do so because, as noted above, DYFS and DCPP are one and the same.

[5] Leach and Sampson were sued in their individual capacities. Craven's complaint also

2

the defendants' conduct during the child abuse investigation violated his substantive due process rights and his right to privacy under the Fourteenth Amendment. The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 30, 2015, the District Court granted that motion. In doing so, the District Court concluded that (1) DCF and DCPP (hereinafter "the Agency Defendants") were entitled to Eleventh Amendment sovereign immunity with respect to Craven's constitutional claims, (2) the constitutional claims against Leach and Sampson contained insufficient factual allegations to state a viable claim, and (3) it was appropriate to decline to exercise supplemental jurisdiction over Craven's state-law claims. The District Court explained that its dismissal was without prejudice to Craven's ability to file an amended complaint within thirty days. Thereafter, Craven did not file an amended complaint. Instead, he elected to file this appeal and subsequently declared his intention to stand on his complaint.

## II.

"Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting

included "John Doe" defendants. In July 2014, Craven submitted a letter to the District Court, requesting that Dr. Allison Blake (DCF's Commissioner) be substituted in place of the John Doe defendants. It appears that the District Court never ruled on this request, and there is no indication that Dr. Blake (or any John Doe defendant) was served with the complaint. Accordingly, neither Dr. Blake nor the John Doe defendants are parties to this appeal. See De Tore v. Local # 245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980). Even if they were parties to this appeal, the outcome of this

the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, "if the plaintiff cannot amend or declares his intention to stand on his complaint . . . the order becomes final and appealable." Id. at 951-52. Because Craven has declared his intention to stand on his complaint, the District Court's September 30, 2015 order is a final order and properly before us pursuant to 28 U.S.C. § 1291. Our review of that order is plenary. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 601 (3d Cir. 2015). We may affirm that order on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

### III.

We begin our analysis with Craven's constitutional claims. As noted above, the District Court concluded that the Agency Defendants were immune from these claims pursuant to the Eleventh Amendment. For the reasons given by the District Court, we agree with that determination. To the extent that Craven's constitutional claims were brought against Leach and Sampson, we consider those claims below.

Craven's first constitutional claim alleged a violation of his substantive due process rights. To state a claim alleging such a violation, a plaintiff must allege facts demonstrating that the defendants acted "in an arbitrary manner that 'shocks the

---

appeal would remain the same.

4

conscience.'" Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (citing County of Sacramento v. Lewis, 523 U.S. 833, 846-48 (1998)). The District Court concluded that Craven's complaint failed to allege facts demonstrating that this standard had been met. For substantially the reasons provided by the District Court in its thorough analysis, we agree with that determination. Accordingly, the District Court properly dismissed this claim.

Craven's second constitutional claim alleged a violation of his right to privacy. This claim stemmed from his allegation that, during the child abuse investigation, Leach improperly disclosed unspecified "confidential information" about him to an unidentified third party. In dismissing this claim, the District Court concluded that Craven's complaint lacked "any facts from which this Court can determine that [Craven] had a constitutionally protected privacy interest in the allegedly disclosed information—let alone whether [Leach's and Sampson's] conduct amounted to a violation of that interest. There are no specific allegations pertaining to this claim." (Dist. Ct. Op. entered Oct. 1, 2015, at 15.) We agree with the District Court's conclusion and find no error in its decision to dismiss this claim.

We now turn to Craven's state-law claims. As a general matter, a district court has diversity jurisdiction over state-law claims if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties. See 28 U.S.C. § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). "[C]omplete

5

diversity" means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson, 724 F.3d at 346 (quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)). If diversity jurisdiction does not exist in a given case, the district court may exercise *supplemental* jurisdiction over the state-law claims if certain conditions are met. See 28 U.S.C. § 1367(a).

"The plaintiff has the burden of pleading the existence of the [district] court's jurisdiction, *see* Fed.R.Civ.P. 8, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999). We conclude that Craven failed to meet that burden in this case[6]; therefore, it was not appropriate for the District Court to exercise diversity jurisdiction over his state-law claims. Although the District Court did have the authority to exercise supplemental jurisdiction over those claims, we agree with its decision declining to do so. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, where the claim[s] over which the district court has original jurisdiction [are] dismissed before trial,

---

[6] "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks omitted). In other words, domicile requires more than the individual's residency in a state; it also requires his intent to remain there indefinitely. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972). Here, Craven's complaint only alleged that he had a mailing address in New York and did not allege facts from which it may be inferred that New York "is his true, fixed and

the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (internal quotation marks omitted).

In light of the above, we agree with the District Court's decision to grant the defendants' motion to dismiss Craven's complaint. Because this appeal does not present a substantial question, we will summarily affirm the District Court's September 30, 2015 order. Craven's request for oral argument is denied.

---

permanent home and place of habitation." <u>McCann</u>, 458 F.3d at 286.