BLD-146                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1094
_____

ANASTASIOS M. SMALIS,
                                        Appellant

v.

HOME DEPOT U.S.A., INC.; DIVERSIFIED MAINTENANCE SERVICES;
DMC MANAGEMENT LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-01235)
District Judge:  Honorable W. Scott Hardy
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 27, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: July 11, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Anastasios Smalis appeals pro se from the District Court's decisions (1) granting summary judgment against him in this slip-and-fall case that he brought against Home Depot U.S.A., Inc. ("Home Depot"), and (2) denying his related motion for reconsideration. For the reasons that follow, we will summarily affirm both orders.

I.

While visiting a Home Depot store in Pittsburgh, Smalis slipped and fell in the store's restroom. After falling, he observed water on the restroom floor, but he "did not know the source of the water or how long it had been there and—being startled from his fall—did not notice anything that could have caused the floor's hazardous condition." Dist. Ct. Mem. Op. entered Dec. 7, 2023, at 2 [hereinafter Dist. Ct. Op.] (citation omitted). He later brought a negligence lawsuit against Home Depot in the Allegheny County Court of Common Pleas. Home Depot removed the case to the District Court based on diversity jurisdiction and filed a third-party complaint against Diversified Maintenance Systems, LLC ("Diversified"),[1] the company that maintained the restrooms at the store in question.[2]

---

[1] The case caption on both the District Court's docket and our docket identifies Diversified as "Diversified Maintenance Services."

[2] Home Depot's third-party complaint also named another defendant — DMC Management LLC ("DMC"). But DMC never entered an appearance in this case. And since there is no indication that proper service was ever made on DMC, it is not considered a party to this lawsuit. See De Tore v. Local # 245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980).

The case eventually proceeded to summary judgment. On December 7, 2023, the District Court granted Home Depot's motion for summary judgment against Smalis, dismissed Home Depot's third-party complaint with prejudice, denied Diversified's motion for summary judgment as moot, and directed the District Court Clerk to mark the case closed. The District Court explained that Smalis's negligence claim failed because (1) "there is no evidence Home Depot caused the water in the men's restroom nor that it had actual notice of it," Dist. Ct. Op. 11, and (2) Smalis failed to present evidence as to how long the water had been on the restroom floor before he fell, thereby preventing him from establishing that Home Depot had *constructive* notice of the floor's allegedly unsafe condition. On January 8, 2024 — 32 days after the District Court entered its summary-judgment decision, Smalis moved for reconsideration. The District Court denied that motion as untimely on January 11, 2024. Later that day, Smalis filed this appeal.[3]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's summary-judgment decision is plenary. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). We review the District Court's denial of Smalis's motion to reconsider for abuse of discretion, exercising de novo review over its legal conclusions and reviewing its factual findings for

---

[3] Although the original deadline for appealing from the District Court's December 7, 2023 decision was Monday, January 8, 2024, see Fed R. App. P. 4(a)(1)(A), Smalis's January 11, 2024 notice of appeal is nevertheless timely as to that decision because the District Court subsequently granted his motion to extend that appeal deadline pursuant to Federal Rule of Appellate Procedure 4(a)(5).

3

clear error. See United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted). For substantially the reasons set forth in the District Court's cogent opinion entered December 7, 2023, we agree with its decision to grant Home Depot's motion for summary judgment against Smalis. And since Smalis did not move for reconsideration until 32 days after the entry of that decision, the District Court did not err in denying his motion for reconsideration as untimely. See Fed. R. Civ. P. 59(e) (providing 28-day deadline for such motions).[4]

---

[4] Although Smalis had moved the District Court to extend the deadline for filing his motion for reconsideration, the District Court correctly noted that, pursuant to Federal Rule of Civil Procedure 6(b)(2), such an extension was not allowed. And there was nothing in Smalis's extension motion indicating that he intended for *that* motion to serve as his motion for reconsideration.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's December 7, 2023, and January 11, 2024 orders.[5] To the extent that Smalis seeks any other relief from us, that relief is denied.

---

[5] We have carefully considered the various arguments and supporting exhibits that Smalis has filed in support of this appeal, and we conclude that none of those arguments has merit. To the extent that he alleges that the District Judge was biased against him, we see no evidence of any bias. See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").