F I L E D
United States Court of Appeals
Tenth Circuit

September 7, 2005

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM JOHNSON,

        Plaintiff-Appellee,

v.

No. 04-7110

MIKE MULLIN, Warden; CHESTER
MASON, Acting Chief, Health Service
Administrator; SHERRY
MCCLENDON,

        Defendants-Appellants.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. CV-03-126-WH)**

Submitted on the briefs:

Linda Soper, Assistant Attorney General, Litigation Section, Oklahoma City,
Oklahoma, for the Defendants-Appellants.

William Johnson, *pro se* Plaintiff-Appellee.

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

**HENRY**, Circuit Judge.

Plaintiff-appellee, appearing pro se, is an inmate in the Oklahoma State Penitentiary. He brought suit pursuant to 42 U.S.C. § 1983 for damages sustained when defendants allegedly denied him dental care. Defendants, employees of the Oklahoma Department of Corrections, appeal the district court's denial of their motion for summary judgment. Upon de novo review, we conclude that plaintiff failed to designate specific facts sufficient to establish that defendants were deliberately indifferent to his serious medical needs, an essential element of his case. We therefore reverse the judgment of the district court. [1]

Taking the facts in the light most favorable to plaintiff, we learn from the record that on September 25, 2002, plaintiff requested medical treatment for bleeding, swelling, and infection in his mouth. He was seen two days later by a prison doctor who diagnosed gingivitis and broken teeth. The doctor prescribed an antibiotic and ibuprofen for the pain and allegedly told plaintiff that he needed to see a dentist immediately. Plaintiff did not see a dentist until October 25, 2002.

The defendants in this action are the prison warden, the acting chief health service administrator, and a certified dental assistant. Plaintiff alleges that the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

defendants were deliberately indifferent to his serious medical needs when they refused to obtain dental treatment for him and caused him to endure thirty to forty days of severe pain before he saw a dentist. Plaintiff does not allege that defendants had any personal role in his treatment or ever examined him.

Defendants filed a motion to dismiss and/or motion for summary judgment, arguing that they were entitled to qualified immunity from plaintiff's claims. After applying *Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000), and *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995), the district court denied defendants' motion, concluding that there was "at the very least a summary judgment issue about whether [plaintiff] met the 'sufficiently serious' criteria for an Eighth Amendment claim." Aplt. App. at 168.

Defendants allegedly refused to arrange for plaintiff to see a dentist prior to the regular prison dentist's scheduled rounds. Plaintiff names the warden in this action because he signed off on the health service administrator's denial of his grievance; the latter is named because he told plaintiff he was scheduled for an appointment with the dentist "in the very near future" and later denied plaintiff's grievance; the dental assistant is named because she informed plaintiff that, while he was on the list for dental service, a dentist visited the facility only once a week.

"A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock,* 218 F.3d at 1209. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted). As noted above, the district court held that plaintiff's allegations could meet the objective, "sufficiently serious" standard for an Eighth Amendment claim. The court did not, however, examine the second and subjective prong of the analysis to determine whether defendants had the sufficiently culpable state of mind.

To be held liable under § 1983 for deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Even taking the facts and their inferences in the light most favorable to plaintiff, his allegations and their supporting evidence do not establish this essential, subjective element of plaintiff's case. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998).

Plaintiff argues that defendants should not have delayed his treatment but, instead, should have gotten him immediate dental care. Prison dental policy (unchallenged by plaintiff), however, provides that outside dental resources will

be accessed only in the case of a dental emergency and then only when such emergency is identified by designated medical personnel. Aplt. App. at 63-64. Those authorized to declare a dental emergency are a dentist, a physician, a nurse practitioner, a physician assistant, or a registered nurse. *Id.*

Contrary to plaintiff's characterization, no one with the authority to do so ever classified plaintiff's case as an emergency. Plaintiff was allegedly orally informed by the prison doctor that he needed immediate dental care, but neither the doctor nor any of the above-mentioned, sanctioned medical providers ever filed the required Request for Medical Services indicating a dental emergency, as required by prison policy. *See id.* at 64. Defendants, therefore, were never informed that plaintiff's situation constituted an emergency, and thus they were not "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *See Farmer*, 511 U.S. at 837.

Had this case gone to trial, it would have been plaintiff's burden to show that defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference involves both an objective and a subjective component." *Sealock*, 218 F.3d at 1209 (quotation omitted). According to the district court, plaintiff established that his medical need was sufficiently serious. He has not, however, established the subjective component of deliberate indifference by showing that defendants knew

-5-

of and disregarded an excessive risk to his health or safety. *See Farmer*, 511 U.S. at 837. As the non-moving party faced with a motion for summary judgment, it was up to plaintiff to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *McKnight*, 149 F.3d at 1128 (quotations omitted). Because plaintiff did not designate specific facts sufficient to establish the subjective component of deliberate indifference on the part of defendants, he should not have prevailed against their motion for summary judgment.

The judgment of the district court is REVERSED, and this case is REMANDED for proceedings consistent with this opinion.