FILED
United States Court of Appeals
Tenth Circuit

January 11, 2017

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

———————————————

JILL COIT,

 Plaintiff - Appellant,

v.

ARISTEDES ZAVARAS, Director of the
Colorado Department of Corrections;
JAMES WELTON, Director of C.I.D.,
LARRY REID, L.V.C.F., ROBERT
CANTWELL, Director of Prison, LLOYD
WAIDE, L.V.C.F., MICHAEL DUSSART,
L.V.C.F., C.I.D. DENNIS HOUGHNON,
Pueblo, C.I.D. Colin Carson, D.W.C.F.,
JOHN MARTIN, JANE/JOHN DOE-DOE,
#1&2 (Who Took Legal Supreme Court
Mail), D.W.C.F., JOAN SHOEMAKER,
DR. P. FRANTZ, JANE/JOHN DOE-
DOE, #3 (Who Took 2 Cub Feet Legal
Box), D.W.C.F.,

 Defendants - Appellees.

No. 16-1146
(D.C. No. 1:12-CV-00609-WYD-MJW)
(D. Colo.)

———————————————

### ORDER AND JUDGMENT[*]

———————————————

Before **HOLMES**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

———————————————

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jill Coit, a state prisoner proceeding pro se,[1] appeals the district court's grant of summary judgment on her claims brought under 42 U.S.C. § 1983 against various prison officials. We find no error in the district court's analysis and therefore affirm for substantially the same reasons stated in its summary judgment order.

## I. Background

The amended complaint asserted three claims. First, Ms. Coit alleged various defendants failed to protect her from sexual assaults by a staff member at La Vista Correctional Facility. Second, she alleged various defendants deprived her of her right to access the courts by interfering with her ability to send and receive legal mail. Third, she alleged defendant Shoemaker deprived her of adequate medical care, either with deliberate indifference to her medical needs or in retaliation for her filing complaints.

In response to the defendants' motions to dismiss, the magistrate judge issued two reports and recommendations. The district court overruled Ms. Coit's objections and adopted both recommendations, thereby narrowing the scope of her claims. The following claims remained: failure-to-protect and retaliation claims that accrued on or after March 9, 2010 and an Eighth Amendment claim against defendant Shoemaker.

---

[1] We construe Ms. Coit's pro se pleadings liberally. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). However, pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We will not supply additional factual allegations or construct a legal theory on her behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

The remaining defendants moved for summary judgment. The gist of Ms. Coit's failure-to-protect claim was that prison officials failed to take appropriate action after she reported that sexual assaults were occurring at the La Vista Correctional Facility. Ms. Coit reported that she knew the identities of at least one victim and one assailant, a staff member, but refused to name these individuals unless certain conditions were agreed to, most notably the transfer of her and the victim on whose behalf she purported to speak to a prison in another state. The district court found, with one exception, that there was no evidence of any personal participation by any defendant—most of whom were supervisory officials at the Colorado Department of Corrections. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").

With respect to defendant Houghnon, the investigator who investigated Ms. Coit's allegations, the court found he was entitled to qualified immunity. To show that defendant Houghnon violated her constitutional rights, Ms. Coit needed to make a showing that he was deliberately indifferent to a substantial risk of harm that she faced. *See Castillo v. Day*, 790 F.3d 1013, 1020 (10th Cir. 2015) ("[A] prison official must act with deliberate indifference to inmate health or safety to violate the inmate's constitutional rights." (internal quotation marks omitted)). But Ms. Coit made no showing that defendant Houghnon did not take her allegations seriously. Rather, his investigation was significantly hampered because she refused to disclose pertinent information, apparently because Ms. Coit and the victim she spoke for

3

feared being placed in a segregation unit if they were identified as victims or informants. Ms. Coit admits she did not identify herself as a sexual assault victim. The investigation yielded no corroborating evidence, and nothing in the record supports the conclusion that defendant Houghnon was aware that Ms. Coit faced a substantial risk of harm.

On the retaliation claim, the district court found that the underlying conduct Ms. Coit complained of—being placed in the segregation unit before being transferred to another prison—did not amount to disciplinary action because it was done for her own safety after she finally did identify herself as the victim of sexual assaults. In other words, Ms. Coit did not make any showing that this action was a form of retaliation for her exercise of her rights by reporting sexual assaults. *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007) (upholding an inmate's placement in segregation for safety reasons).

Ms. Coit's Eighth Amendment claim was based on the alleged denial of adequate medical care by defendant Shoemaker in her role as the Deputy Director of Prisons, Clinical Services. However, it was not defendant Shoemaker's responsibility to make specific medical decisions or give specific medical instructions with respect to individual prisoners. The district court rejected this claim because defendant Shoemaker did not provide medical care to Ms. Coit and she made no showing that defendant Shoemaker was aware of her specific medical needs. *See Johnson v. Mullin*, 422 F.3d 1184, 1186 (10th Cir. 2005) ("To be held liable under § 1983 for deliberate indifference, an official must both be aware of facts from

4

which the inference could be drawn that substantial risk of serious harm exists, and [the official] must also draw the inference." (internal quotation marks omitted)). Thus, defendant Shoemaker was entitled to qualified immunity on this claim.

To the extent Ms. Coit alleged that she was deprived of medical care in retaliation for reporting sexual assaults, the district court found there was no evidence that defendant Shoemaker, an administrator whose office was in a different location from where Ms. Coit was imprisoned and never met Ms. Coit, was even aware of her complaints. *See id.* Therefore, Ms. Coit failed to show that retaliation was a motivating factor in any of defendant Shoemaker's decisions, and Ms. Coit failed to state a retaliation claim against her.

## II. Standard of Review

We review de novo a grant of summary judgment, applying the same legal standard as the district court. *United States v. Botefuhr*, 309 F.3d 1263, 1270 (10th Cir. 2002). Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). We view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in her favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

5

## III.  Analysis

Ms. Coit fails to make any showing that there is a genuine issue for trial or that the record does not support the district court's conclusions.  On the failure-to-protect claim, she admits that while she was at La Vista Correctional Facility she did not tell defendant Houghnon that she was a victim of sexual assault, nor did she disclose the names of the other individuals involved in the alleged assaults.  With respect to the other defendants, she points to no specific acts which would support their personal participation in failing to protect her.  On the retaliation claim, she points to no evidence that she was placed in segregation for reasons other than her own safety. And on her Eighth Amendment claim, she points to no evidence that defendant Shoemaker was aware of her individual medical needs or her complaints.

Finding no error, we affirm the district court's determinations for substantially the same reasons stated in the summary judgment order.  To the extent Ms. Coit attempts to raise issues here that were not before the district court, she makes no argument for plain error; therefore, we decline to consider those issues.  *See Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) (stating that "the failure to argue for plain error and its application on appeal . . . marks the end of the road for an argument for reversal not first presented to the district court").

## IV. Conclusion

The judgment is affirmed.

Ms. Coit's motion to proceed in forma pauperis is granted. Her motions seeking appointment of counsel are denied.

Entered for the Court


Jerome A. Holmes
Circuit Judge