FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2018**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL BLAKE JENSEN,

Plaintiff - Appellant,

v.

RICHARD GARDEN, CHAD DUFORD,

Defendants - Appellees.

No. 18-4048
(D.C. No. 2:15-CV-00646-JNP)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Plaintiff-Appellant Michael Blake Jensen, a prisoner at Utah State Prison ("USP")

proceeding pro se, appeals from a judgment dismissing his case with prejudice.[1]  In

---

[*]       After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]       We construe pro se pleadings liberally.  *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013).  Pro se parties, however, must "follow the same rules of procedure that govern other litigants."  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).  We "will not supply additional factual allegations . . . or construct a legal theory" on a pro se litigant's behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009)

district court, Mr. Jensen alleged that USP staff provided him with inadequate medical care in violation of his constitutional rights. The district court disagreed and granted the defendants' motion for summary judgment. Mr. Jensen now challenges that decision and moves for leave to proceed *in forma pauperis* ("IFP") on appeal.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order and grant Mr. Jensen's IFP motion.

# I

Mr. Jensen filed a complaint under 42 U.S.C. § 1983 against USP Medical Director Dr. Richard Garden and USP physician's assistant Chad Duford.[2] Mr. Jensen alleged that he was injured while working at USP and received inadequate medical care for his injury. Mr. Jensen first claimed that his "Sixth Amendment and Liberty Interest to

---

(quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

[2] Mr. Jensen also named numerous "John Doe" defendants, but he failed to specify what actions they took against him. None of these defendants were ever identified or served. The district court's orders do not specifically discuss these defendants, but this is not a bar to the exercise of appellate jurisdiction. *See James v. Mazda Motor Corp.*, 222 F.3d 1323, 1324 n.6 (11th Cir. 2000) (explaining that an unserved "John Doe" defendant was "never in any sense 'before the court,'" meaning the claim against him was not "still pending for purposes of the final judgment rule"); *De Tore v. Local No. 245 of Jersey City Pub. Emps. Union*, 615 F.2d 980, 982 n.2 (3d Cir. 1980) (holding that district court's orders were final and appealable, notwithstanding district court's failure to dismiss unserved defendants, as the unserved defendants "never were made parties to this suit").

Mr. Jensen also named as a defendant USP Warden Scott Crowther. The district court dismissed Mr. Jensen's claims against Warden Crowther as inadequately pleaded. Mr. Jensen's current arguments do not concern this ruling. *See* Aplt.'s Opening Br. at 2–4.

equal protection" was denied due to his status as an inmate. R., Vol. I, at 10 (Compl., filed Oct. 8, 2015). That is, Mr. Jensen protested that whereas "an on-the-job injury in any other state capacity" would give rise to a worker's compensation claim, he had his inmate trust account deducted to cover medical co-payments while he was unable to work. *Id.* Mr. Jensen also claimed that Dr. Garden and Mr. Duford acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Dr. Garden and Mr. Duford moved for summary judgment, invoking qualified immunity. The district court granted their motion and entered judgment. Mr. Jensen timely appealed that order.

## II

## A

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1311 (10th Cir. 2009). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"Our review of summary judgment orders in the qualified immunity context differs from . . . [our] review of other summary judgment decisions." *Thomson*, 584 F.3d at 1312. "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Id.* (quoting *Martinez v. Beggs*, 563

3

F.3d 1082, 1088 (10th Cir. 2009)).  "In determining whether the plaintiff has met [his] burden . . . , we will construe the facts in the light most favorable to the plaintiff . . . ."  *Id.* A plaintiff's version of the facts, however, "must find support in the record."  *Id.*  "[M]ore specifically, '[a]s with any motion for summary judgment, [w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts[.]'"  *Id.* (second, third, and fourth alterations in original) (quoting *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008)).

**B**

We first consider Mr. Jensen's arguments concerning the characterization of his equal protection claim.  Mr. Jensen contends that a contract attorney who assisted him in drafting the complaint "sabotaged" the case by characterizing his equal protection claim as arising under the Sixth Amendment.  Aplt.'s Opening Br. at 2.  Mr. Jensen argues that the contract attorney is employed by Tooele County, Utah, and that the contract attorney and the "Attorney General's office . . . share the same boss."  *Id.*  Mr. Jensen states that he should not have been expected to know that the Sixth Amendment does not apply in this case.  *Id.*  He further maintains that the district court should not have "let the 6[th] Amendment claim get past the initial screening" and then "used that to dismiss [his] claim."  *Id.* at 4.

Mr. Jensen's argument lacks merit.  Ineffective assistance generally does not warrant relief in civil cases, like this one.  "The general rule in civil cases is that the

4

ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006). "If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Id.*

Also, a claim of ineffective assistance typically requires "adverse effects" on, or prejudice to, a client's case. *See id.*; *cf. Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a Sixth Amendment claim of ineffective assistance in criminal proceedings requires a showing that deficient performance was prejudicial); *Akinwunmi v. I.N.S.*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam) (noting, in a deportation proceeding, that a claim of ineffective assistance of counsel required a showing that ineffective assistance was so prejudicial as to render the proceeding "fundamentally unfair").

Here, contrary to Mr. Jensen's suggestion, the purported mischaracterization of his equal protection claim had no adverse effects. Instead, the district court reasonably construed the claim as arising under the constitutional provision that it clearly implicated: the Equal Protection Clause of the Fourteenth Amendment. Mr. Jensen does not argue that the district court erred in so characterizing his claim, and he acknowledges that "a 6th Amendment claim is only for criminal cases not civil." Aplt.'s Opening Br. at 2. Thus, the district court properly characterized his claim, and Mr. Jensen did not suffer any ill effects from the initial mischaracterization of it.

Mr. Jensen does not, however, directly challenge the district court's ruling on this claim, and we therefore might deem any such challenge abandoned. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *accord Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1301 n.6 (10th Cir. 2010). In any event, an equal protection claim requires a "threshold showing" that a claimant was treated differently from others similarly situated. *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017). The district court did not err in ruling that Mr. Jensen, an inmate, had failed to make such a showing; Mr. Jensen's vague and conclusory comparisons between his treatment and that of non-inmates working for the state was legally insufficient.

## C

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference includes both an objective and a subjective component. The objective component is satisfied if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "[A] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective component is satisfied if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. The subjective component is not satisfied where the plaintiff simply complains of an "inadvertent failure to provide adequate care, negligent misdiagnosis, or . . . difference of opinion with medical personnel regarding diagnosis or treatment." *Clemmons v. Bohannon*, 956 F.2d 1523, 1529 (10th Cir. 1992); *see also Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that, "absent an extraordinary degree of neglect," the subjective component is not satisfied where a doctor exercises his or her "considered medical judgment").

Mr. Jensen argues that he did not receive "proper" care and that the care he did receive caused "pain and damage." Aplt.'s Opening Br. at 2–3. Assuming *arguendo* that this assertion is sufficient to challenge the district court's Eighth Amendment ruling under the lenient standards applicable to pro se litigants, we conclude that the district court did not err. As the district court discussed, when Mr. Jensen was injured, there was nothing making his need for medical attention "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt*, 199 F.3d at 1224. Indeed, Mr. Jensen himself intended to "wait it out overnight." R., Vol. I., at 163 (Decl. of Jason Corey, filed May 24, 2017).

Furthermore, undercutting the subjective component of Mr. Jensen's claim, it does not appear that Dr. Garden or Mr. Duford even knew of any medical needs of Mr.

Jensen—serious or otherwise—at the time he was injured.[3] *See, e.g.*, *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (noting that, where inmate needed "immediate dental care" but none was provided, the subjective component was nevertheless not satisfied because defendants were unaware of facts from which they could have inferred that a substantial risk of serious harm existed).

The district court also properly ruled that Mr. Duford's subsequent dealings with Mr. Jensen did not violate the Eighth Amendment. The evidence shows that Mr. Duford was responsive to Mr. Jensen's complaints, diagnosed a shoulder strain, prescribed conservative interventions, and later referred Mr. Jensen for further treatment when these

---

[3] Mr. Jensen's opening brief claims that his supervisor "called medical" at the time of his injury and spoke to Mr. Duford, who said that he would schedule an appointment. Aplt.'s Opening Br. at 3. But Mr. Jensen makes this specific allegation for the first time on appeal. *See* R., Vol. I, at 218–20 (Resp. to Defs.' Mot. for Summ. J., filed Aug. 21, 2017) (claiming that Mr. Duford violated USP policy by failing to see him within 24 hours of his injury but not alleging that his supervisor spoke directly to Mr. Duford during the call); *see also id.* at 212 (Resp. to Defs.' *Martinez* Report, filed July 12, 2017) (describing the phone call made by his supervisor but failing to identify Mr. Duford as the person from "medical" to whom his supervisor spoke). This is so despite the fact that Mr. Duford, Dr. Garden, and the district court repeatedly discussed this issue prior to the entry of judgment. *See id.* at 197 n.3 (Mot. for Summ. J., filed June 23, 2017); *see also id.* at 228 (Reply in Supp. of Mot. for Summ. J., filed Sept. 5, 2017) ("[T]here are no facts showing that Duford was involved with Jensen's case at all before he filed his inmate care request on January 29."); *id.* at 263 n.4 (Proposed Mem. Decision & Order, filed Jan. 22, 2018) ("Jensen has provided no evidence that PA Duford was the person from 'medical' on the other end of the phone line . . . ."). We are disinclined to consider this allegation, which effectively presents an issue to us for the first time on appeal. *Cf. Lighton v. Univ. of Utah*, 209 F.3d 1213, 1224 n.13 (10th Cir. 2000) (declining to "consider issues raised for the first time on appeal or conclusory and unsupported allegations" (citations omitted)). Moreover, there is still no evidence that Mr. Duford had reason to apprehend that Mr. Jensen's injury required immediate attention and, as discussed *infra*, it would not (without more) violate the Constitution if Mr. Jensen was not seen within a period prescribed by USP policy.

interventions were unsuccessful. Even after Mr. Duford was no longer involved in Mr. Jensen's treatment and an MRI had revealed Mr. Jensen's torn tendon, conservative management like that prescribed by Mr. Duford was initially recommended. In light of these facts, we believe that the most reasonable conclusion is that Mr. Duford exercised his "considered medical judgment" in treating Mr. Jensen, *Self*, 439 F.3d at 1232, and Mr. Jensen alleges at most negligent misdiagnosis or a difference of opinion that does not implicate the Eighth Amendment, *see Clemmons*, 956 F.2d at 1529; *see also Self*, 439 F.3d at 1234 ("Where a doctor faces symptoms that could suggest either indigestion or stomach cancer, and the doctor mistakenly treats indigestion, the doctor's culpable state of mind is not established even if the doctor's medical judgment may have been objectively unreasonable."); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000) ("[A] medical professional may fail to treat a serious medical condition properly. Where this sort of conduct is alleged, the medical professional has available the defense that he was merely negligent in diagnosing or treating the medical condition, rather than deliberately indifferent."). Under these circumstances, then, Mr. Jensen cannot satisfy the subjective component of the deliberate indifference standard as to Mr. Duford's treatment of him.

We turn now to Mr. Jensen's allegations against Dr. Garden. Although Dr. Garden did not personally participate in Mr. Jensen's care, Mr. Jensen contends that Dr. Garden failed to supervise his employees. A necessary component of a failure-to-supervise claim, however, is an underlying constitutional violation. *See Gray v. Univ. of Colo.*

9

*Hosp. Auth.*, 672 F.3d 909, 918 n.7 (10th Cir. 2012) (collecting cases for the proposition that failure-to-train and other supervisory liability claims require an underlying constitutional violation). Yet, Mr. Jensen has not shown that Mr. Duford—who allegedly acted under Dr. Garden's supervision—violated his constitutional rights. And Mr. Jensen has not alleged—let alone substantiated—any other underlying violations by Dr. Garden's subordinates. Therefore, Mr. Jensen's supervisory-liability claim against Dr. Garden must fail.

Mr. Jensen makes several other unavailing arguments concerning his medical care. First, he argues that he was not seen by a doctor within twenty-four hours of his injury being reported, and this violated USP policy. Aplt.'s Opening Br. at 2–3. Even if Dr. Garden or Mr. Duford had been aware of Mr. Jensen's injury at that time, a failure to adhere to a policy or regulation (without more) "does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); *see also Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."); *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 647 (10th Cir. 1988) (citing *Davis* in ruling that "[p]laintiffs' attempts, in the alternative, to base their privacy claim on defendants' alleged failure to follow internal HHS administrative procedures regarding assistance to state law enforcement officials are unavailing").

Mr. Jensen levies several more allegations against Dr. Garden and Mr. Duford.

For instance, Mr. Jensen contends that Dr. Garden was "removed from his job and forced to retire," and Mr. Duford was similarly "let go"; supposedly, neither of them was "doing [their] job[s]," and "inmates died" as a result. Aplt.'s Opening Br. at 4. These allegations have no record support, and they are simply irrelevant to the specific legal issues underlying Mr. Jensen's claims.

Finally, Mr. Jensen also objects to some of the evidence cited in support of summary judgment, arguing, for example, that Mr. Duford did not prescribe him medication and that the USP commissary does not sell Tylenol as Mr. Duford wrote in a medical record. Aplt.'s Opening Br. at 3. The correctness and significance of many of these arguments is debatable. Regardless, Mr. Jensen's arguments at most constitute conclusory contradictions of record evidence and the conclusions that might be drawn from that evidence. Dr. Garden and Mr. Duford provided evidence showing that they did not violate Mr. Jensen's constitutional rights, and their invocation of qualified immunity shifted the burden to Mr. Jensen to show a constitutional violation in the first instance. *Thomson*, 584 F.3d at 1312. It thus was Mr. Jensen's burden to refer the district court to specific evidence permitting a finding in his favor. His conclusory arguments lack record support and do not suffice.

### III

For the foregoing reasons, we affirm the district court's judgment. We grant Mr. Jensen's motion to proceed *in forma pauperis* on appeal but remind him of his obligation

11

to make partial payments until he has completely paid the appellate filing fee.

ENTERED FOR THE COURT


Jerome A. Holmes

Circuit Judge