**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3654
_____

TAM THANH NGUYEN,[*]
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
JARED BROMBERG, Pennsylvania State Trooper
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-05082)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 6, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: October 10, 2018)
_____

---

[*] The Clerk is directed to amend the caption to reflect the correct spelling of the appellant's name.

Earl D. Raynor, Jr.
744 South Street
Philadelphia, PA 19147
        *Counsel for Appellant*

Josh Shapiro, Attorney General
J. Bart DeLone, Acting Chief Deputy Attorney General
Claudia M. Tesoro, Senior Deputy Attorney General
Office of Attorney General of Pennsylvania
1600 Arch Street
Suite 300
Philadelphia, PA 19103
        *Counsel for Appellee*

———————————

## OPINION OF THE COURT

———————————

BIBAS, *Circuit Judge*.

A claim that a search was unconstitutional accrues when the officer conducts the search, not when a court later declares it unconstitutional. So the statute of limitations runs from the time of the search, not the time of the court decision.

Here, Tam Thanh Nguyen sued Pennsylvania State Trooper Jared Bromberg for a 2012 search and arrest, but only after a 2015 Pennsylvania court decision held that search unconstitutional. Nguyen's suit thus arrives more than a year late and is time-barred, so we will affirm.

## I. Facts

In January 2012, Nguyen caught a ride home from a New Year's party with his friend, David Kung. Around 3:15 a.m., Trooper Bromberg and his partner clocked the car driving 18 miles per hour over the speed limit. After tailing the car for a bit, they pulled it over.

Bromberg checked Kung's license and registration as well as Nguyen's ID. Bromberg asked Kung to step out of the car, talked with him briefly, gave him a warning, and said he was free to go. Both started to return to their cars. But the trooper had second thoughts because Kung was nervous and because his check of Nguyen's ID revealed his history of drug arrests. So Bromberg turned around and began to question Kung again.

Bromberg asked for permission to search the car, and Kung consented. Bromberg then asked Nguyen to step out of the car and asked him to consent to a pat-down. Nguyen consented. The pat-down revealed a cellphone, a large bundle of cash, and small baggies of pills. Nguyen admitted that the pills were OxyContin. So Bromberg arrested Nguyen. A search incident to arrest turned up bags of powder cocaine and jars of crack cocaine.

Pennsylvania prosecuted him, and Nguyen moved to suppress the drugs. *Commonwealth v. Nguyen*, 116 A.3d 657, 662 (Pa. Super. Ct. 2015). The trial court denied the motion, but the appeals court reversed, holding that the search violated the Fourth Amendment. *Id.* at 669. The court reasoned that, by reengaging Kung, Bromberg had seized him anew, and that this second seizure required its own justification (beyond the initial

3

speeding violation). *Id.* It found no reasonable suspicion for the second seizure, so it held the seizure and resulting search of Nguyen unconstitutional. *Id.* Pennsylvania then dismissed the charges.

A few months later, in September 2015, Nguyen sued Bromberg under 42 U.S.C. § 1983. He asserted that, by stopping the car, searching him, and arresting him, Bromberg had (1) conducted an unreasonable search and seizure, and (2) made a false arrest, both in violation of Nguyen's Fourth Amendment rights.

The District Court granted Bromberg's motion for summary judgment. *Ngyuen v. Pennsylvania*, No. 15-5082, 2017 WL 5113229, at *1 (E.D. Pa. Nov. 6, 2017). It reasoned that Bromberg's search and arrest comported with the Fourth Amendment; that even if it did not, qualified immunity applied; and that the statute of limitations barred Nguyen's claims. *Id.* at *4. We review the grant of summary judgment de novo. *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

## II. THE STATUTE OF LIMITATIONS RUNS FROM THE TIME OF THE SEARCH

We need not address Nguyen's Fourth Amendment or qualified immunity claims because his suit is untimely.

Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). So Pennsylvania's two-year limitations period for personal injuries governs. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa.

4

Cons. Stat. §5524(2). Nguyen thus had two years to file this suit.

Up to this point, the parties agree. But Nguyen argues that the limitations period began to run when the Pennsylvania court held the search unconstitutional, not when the search happened. We disagree.

Federal law, not state law, determines when a limitations period begins to run. *Kach*, 589 F.3d at 634. Under federal law, the statute of limitations runs from the moment that a claim accrues. *Id.* And a claim accrues when the last act needed to complete the tort occurs. *Id.* For a search, that is the moment of the search. For a false arrest, that is the moment when legal process justifies the detention or, absent legal process, the moment of release. *Wallace*, 549 U.S. at 390-91.

Here, the last act was Bromberg's search of Nguyen, not the Pennsylvania court decision invalidating the search. And Nguyen was charged and held over for legal process that same day. So the causes of action accrued, and the limitations period began to run, in January 2012. Two years from then is January 2014. So Nguyen's suit, filed in September 2015, came a year and a half too late.

Finally, Nguyen has not sought to toll the limitations period. So his claim is time-barred. We will affirm.

5