**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2764
_____

JAMES W. MOODY,
                                        Appellant

v.

CITY OF PHILADELPHIA; POLICE COMMISSIONER RICHARD ROSS, JR.;
PHILADELPHIA POLICE DEPARTMENT GUN PERMIT UNIT;
PHILADELPHIA POLICE DEPARTMENT;
BOARD OF LICENSES AND INSPECTIONS;
BRADFORD A. RICHMAN; OFFICER CAVE BADGE #4068;
OFFICER DEEKS BADGE #2860; OFFICER DEEKS PARTNER (UNKNOWN);
SARGENT CHEVELLIN BADGE #356; UNIDENTIFIED FEMALE OFFICER;
OFFICER; G.P.U. OFC. GREEN; G.P.U. LT. KING;
G.P.U. EMAIL CORRESPONDENTS PERTAINING TO REVOCATION;
BRD. L&I PANELIST 1 – 1ST & 2ND REVOCATION HEARING;
BRD. L&I PANELIST 2 – 1ST & 2ND REVOCATION HEARING;
BRD. L&I PANELIST 3 – 1ST & 2ND REVOCATION HEARING;
BRD. L&I PANELIST 4 – 1ST & 2ND REVOCATION HEARING;
OFC. RAMIREZ; OFC. "HEAVY"; SGT. RYAN; LT. DANDRIDGE;
VARIOUS OTHER UNKNOWN OFFICERS AND
AGENTS OF THE CITY IN THIS MATTER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-02413)
District Judge: Honorable Joel H. Slomsky
_____

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 26, 2020

Before: JORDAN, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: April 14, 2020)

_____

OPINION[*]
_____

PER CURIAM

James Moody appeals the District Court's order granting Appellees' Third Motion to Dismiss and dismissing his Second Amended Complaint with prejudice. The procedural history of this case and the details of Moody's claims are well known to the parties and set forth in the District Court's opinion, so we need not discuss them at length. Briefly, Moody was issued a license to carry a firearm. When stopped by Philadelphia police while jogging and openly carrying a firearm in May 2016, Moody refused to comply with their requests to show his identification and license. He was briefly detained until police were able to confirm that he had a license. His license was then revoked on the grounds that he had "fail[ed] to produce [the license] & placed officers and community in danger." Second Amended Complaint, D.C. Dkt. No. 18, ¶ 32. Moody appealed the revocation to the Board of License and Inspection Review, which affirmed the revocation after an evidentiary

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

hearing. While his appeal to the Court of Common Pleas was pending, the Philadelphia Police Department reinstated Moody's firearm license.

Shortly after receiving his license back in June 2017, Moody was again stopped by police while running and openly carrying a firearm. Knowing that his license had been revoked and not aware that his license had been reinstated, the officers stopped Moody and detained him pending verification that he had a valid license. He was released and cited for disorderly conduct. His license was revoked again shortly after this second encounter with police. The reasons given were for "good cause," "character and reputation," and "careless and negligent behavior." App. 3 (capitalization altered). The revocation notice gave as an additional explanation the "failure to produce [the license] which placed you, the officers and the community in danger." Id.[1]

In May 2018, Moody filed a complaint in the Court of Common Pleas of Philadelphia County. Appellees then removed the case to the Eastern District of Pennsylvania. After Moody amended his complaint twice, Appellees filed the Third Motion to Dismiss. The District Court granted the motion. It dismissed Moody's federal claims with prejudice and dismissed his state-law claims without prejudice after declining to exercise its

---

[1] According to the electronic docket for the Court of Common Pleas, Moody appealed the revocation to the Court of Common Pleas, which dismissed the appeal without prejudice to his filing an appeal with the Board of License and Inspection. Moody appears to have then filed the suggested appeal, as the Board of License and Inspection Review upheld the revocation. According to the electronic docket, his subsequent appeal to the Court of Common Pleas was dismissed in March 2019 for failure to timely order or make payment for the notes of testimony from the Board's hearing.

supplemental jurisdiction. See 28 U.S.C. § 1367(c). Moody filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

While Moody makes several generalized assertions regarding his claims as well as criticisms of the District Court's ability to correctly resolve them, we can discern very few comprehensible, specific arguments in his brief that challenge the District Court's judgment. We will address those that we have found.[2]

Citing state statutes and state-court case law, Moody argues that former Philadelphia Police Commissioner Richard Ross and the Gun Permit Unit (GPU) failed to provide good cause for the revocation of his license. He also appears to argue that his hearing violated state law. The District Court, however, dismissed Moody's state-law claims without prejudice after declining to exercise its supplemental jurisdiction. Moody does not challenge this decision, so the argument is waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

Moody contests the District Court's conclusion that the GPU, the Philadelphia Police Department, and the Board of Licenses and Inspections are not separate entities that can be sued. Under Pennsylvania law, however, the District Court did not err. See 53 Pa. Stat.

---

[2] Moody seems to argue that we should overturn the District Court's conclusion that abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971), does not apply. Moody does not appear to understand that this ruling was in his favor and that if Younger abstention applied, his claims would be dismissed.

4

§ 16257 (requiring that all suits stemming from transactions of any department of the City of Philadelphia be in the name of the City).

Moody challenges the District Court's conclusion that he failed to allege any personal involvement by Commissioner Ross and Bradford Richman, an attorney for the City. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). Moody points to his allegation that one of the police officers stated during the second encounter that the "gun was taken per Brad Richman." Appellant's Br. 21 (quoting Second Amended Complaint ¶ 101). Moody admits, however, that Richman, as a private attorney representing the City, would not have the authority to take a firearm.

As to Commissioner Ross, Moody alleges that he "made a personal effort to Ross to retrieve his personal property," which Ross rejected. Appellant's Br. 22. But Moody does not explain how this violated his rights. He also argues that Ross usurped the authority of the sheriff with respect to Pennsylvania firearm laws. In Philadelphia, however, the chief of police handles the applications for firearm licenses. See 18 Pa. Cons. Stat. § 6109(b).

With respect to Moody's claims against the City of Philadelphia, the District Court was correct that the City could not be held liable under 42 U.S.C. § 1983 unless the alleged violation of his rights was caused by an official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). The District Court thoroughly addressed this issue in its opinion, concluding that Moody did not allege the existence of a municipal policy or

custom or deliberate indifference. Moody responds without explanation that he did in fact plead claims under Monell. He writes:

> Clearly the Adjudicator failed to read or comprehend the complaint as Plaintiff has pleading [sic] both prongs of Monell, in both Complaints in that the pleadings covered both the violations and the indifferent, deliberate and inhumane manner in which these violations were carried out by the Defendants and the policies that dictate their prolific rights violations.

Appellant's Br. 25. To preserve arguments in a brief, an appellant must support the arguments with reasoning as well as citation to authorities and portions of the record. Fed. R. App. P. 28(a)(8)(A). Even with the liberal pleading standards afforded pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Moody's brief is not sufficient. See Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 145 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). We will not comb through the lengthy District Court record in an attempt to understand Moody's arguments. See DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

Moody argued in his Second Amended Complaint that his Fourth Amendment rights were violated when police officers stopped him because he was carrying a firearm. The District Court dismissed Moody's Fourth Amendment claims against the officers pursuant to Federal Rule of Civil Procedure 8, concluding that Moody had not described the individual defendants' roles in Moody's encounters with police and that he had failed to explain why the stops were unwarranted or how he was unreasonably detained. In his brief before us, Moody responds to the District Court's dismissal of these claims by arguing only

6

that "[t]his is simply not the case as is clearly demonstrated in the 3rd Cause of Action and throughout the Complaint as required with crystal clarity and great detail (supporting Cases included)." Appellant's Br. 24. As noted above, an appellant must support and develop his arguments in his brief with reasoning and citations to the record. Moody has not done that here.

Moreover, Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Allegations should be "simple, concise, and direct." Id. r. 8(d)(1). The complaint must identify discrete defendants and their actions with respect to the claims. Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019), petition for cert. filed, No. 19-867 (U.S. Jan. 8, 2020). The question is not whether this Court would have chosen to dismiss but whether the District Court abused its discretion in determining that Moody's claims against the police officers did not meet Rule 8's requirement of a short and plain statement of a claim. See id. at 92. As the District Court pointed out, Moody does not specify which defendant was responsible for his alleged injuries. The District Court did not abuse its discretion in dismissing Moody's claims pursuant to Rule 8.

Furthermore, we note that Moody never served the Second Amended Complaint on the individuals newly named as defendants therein. Thus, the additional defendants were never made parties to the District Court proceedings. See De Tore v. Local # 245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980). In addition to Moody's failure to effect service, these claims appear to fail for other reasons. Any claim regarding the May 2, 2016 encounter with police would likely be barred by the two-year statute of

7

limitations for such claims. See Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018). The allegations were raised in the First Amended Complaint filed in September 2018, but the individual defendants were not named until the Second Amended Complaint was filed in December 2018. Nor do these allegations relate back to the brief, bare-bones original complaint filed in May 2018, which generally alleged that the City of Philadelphia and its employees and agencies violated Moody's rights.

With respect to the second encounter, Moody admits that the officers involved knew him from the first encounter, which had resulted in the revocation of his firearm license. Thus, it was likely not unreasonable for the police officers to stop Moody until they were able to determine that his license to carry a firearm had been reinstated. See 18 Pa. Cons. Stat. § 6108 (no person shall carry a firearm in public in a first-class city unless he is licensed).[3]

Moody has filed a motion in this Court for leave to file an amended complaint. He appears to argue that leave to amend his complaint was never given by the District Court.

---

[3] Compare United States v. Gatlin, 613 F.3d 374, 378 (3d Cir. 2010) (Terry stop was justified solely based on information that the defendant was carrying a concealed handgun because it is presumptively a crime in Delaware, for which possessing a firearm license is only an affirmative defense), and Commonwealth v. Bigelow, 399 A.2d 392, 395 (Pa. 1979) (lack of a firearm license is not an element of an 18 Pa. Cons. Stat. § 6108 offense and the Commonwealth is not required to prove that the defendant did not have a license), with United States v. Ubiles, 224 F.3d 213, 217–18 (3d Cir. 2000) (Terry stop based on possession of a gun was not warranted because it is not necessarily a crime to possess a gun in the Virgin Islands). Though in Commonwealth v. Hicks, 208 A.3d 916 (Pa. 2019), the Pennsylvania Supreme Court overruled a long-standing Pennsylvania Superior Court rule and held that an individual's mere possession of a concealed firearm in public cannot support a Terry stop, it distinguished the situation where a police officer had prior knowledge that the individual was not permitted to carry a weapon. See id. at 936–37.

But Moody did not argue in his opening brief that the District Court erred in not giving him yet another opportunity to amend his complaint, so that argument is waived. See Laborers' Int'l Union, 26 F.3d at 398. Moreover, the District Court allowed Moody to amend his complaint in October 2018 after Moody responded to the Appellees' first motion to dismiss with additional allegations. Moody did not contest the District Court's treatment of his response as an amended complaint. After Appellees moved to dismiss the amended complaint, Moody filed a motion to amend it again. The District Court granted this motion and allowed the filing of the Second Amended Complaint. Nor has Moody explained how he would further amend the complaint to cure its deficiencies.

Finally, while the District Court stated in its opinion that it was dismissing Moody's state-law claims without prejudice, it dismissed his entire complaint in its order. The dismissal of the state-law claims pursuant to 28 U.S.C. § 1367(c) should have been without prejudice. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). We will, therefore, modify the District Court's order to dismiss Moody's state-law claims without prejudice and, for the reasons given in this opinion, affirm the District Court's judgment as modified. Moody's motion for leave to file an amended complaint is denied.