**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1348
_____

QUINCY MICHAEL PATRICK,
                                        Appellant

v.

KINGSTON POLICE DEPARTMENT; STATE PAROLE SCRANTON;
DET. RICHARD KOTCHIN; SCOTT L. RAVERT; and JOHN B.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 3:22-cv-01167)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed August 11, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Quincy Michael Patrick's parole officer discovered drugs inside Patrick's home during a visit in 2016. Patrick would later plead guilty in Pennsylvania state court to a drug offense and be sentenced to nineteen to forty months in prison. His direct appeal and post-conviction applications all were unsuccessful.

More than six years after he was arrested, Patrick filed the underlying pro se civil rights action against, among other defendants, his parole officer and the Kingston Police Department. Patrick claimed that discovery of the drugs during the home visit was predicated on violations of the Fourth Amendment to the United States Constitution.

The Magistrate Judge screened Patrick's complaint under 28 U.S.C. § 1915(e)(2) and issued a Report recommending sua sponte dismissal. The Magistrate Judge concluded that Patrick's claims were facially untimely under Pennsylvania's two-year statute of limitations (42 Pa. Cons. Stat. § 5524(7)). The Magistrate Judge then offered several rulings in the alternative: Patrick's claims against the Kingston Police Department were not cognizable under 42 U.S.C. § 1983 because municipal police departments are not "person[s]" under the statute; any claims for false arrest or malicious prosecution were barred under Heck v. Humphrey, 512 U.S. 477 (1994); and the complaint should be dismissed based on the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).

Over Patrick's objections, the District Court entered an order on September 8, 2022, which set forth detailed reasoning and analysis, and which adopted the Magistrate

2

Judge's Report "in its entirety." The District Court dismissed Patrick's complaint without leave to amend, concluding that "the fact that plaintiff's claims are barred by the applicable statute of limitations renders futile any amendment of his complaint."

This timely appeal followed. See Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 58(c)(2)(B); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing an action under § 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of leave to amend for abuse of discretion, although we review de novo the determination that amendment would be futile. See U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

Like the District Court, we conclude that Patrick failed to state viable claims and, further, that allowing him to amend his complaint would have been a futile act. But our rationales are not identical. Cf. Watters v. Bd. of Sch. Dirs. of City of Scranton, 975 F.3d 406, 412 (3d Cir. 2020) ("[W]e may affirm based 'on any ground supported by the record.'") (citation omitted).

Insofar as Patrick raised illegal search or false imprisonment claims under the Fourth Amendment, based on events predating his complaint by more than two years, we

---

[1] While Patrick was not incarcerated at the time he filed the underlying action or this appeal, he has informed the Court that he has since been reincarcerated.

3

agree with the District Court that such claims are untimely. See Wallace v. Kato, 549 U.S. 384, 390 (2007); Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018); cf. Smith v. Travelpiece, 31 F.4th 878, 888 (4th Cir. 2022) (rejecting argument that illegal search claims were subject to deferred accrual under Heck). But insofar as Patrick raised wrongful conviction or malicious prosecution claims, those would not begin to accrue until the criminal case terminated in his favor. See Coello v. DiLeo, 43 F.4th 346, 354 (3d Cir. 2022). And Patrick's complaint makes plain that his drug conviction is intact.[2] Thus, the District Court should not have ruled that all of Patrick's claims were untimely. That said, dismissal of the wrongful conviction and malicious prosecution claims was nevertheless proper based on the District Court's alternative ruling that the claims are Heck-barred. See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).[3]

A final point: The District Court did not explicitly say whether its order of dismissal was with or without prejudice, which means it was the former. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); see also Cohen v. Longshore, 621 F.3d 1311, 1314 (10th Cir. 2010). Because the wrongful conviction and malicious prosecution

---

[2] While Patrick devotes a substantial portion of his opening brief to challenging the constitutionality of his conviction (notwithstanding his guilty plea), an appeal of an adverse decision in a § 1983 case is the wrong place to do that.

[3] For those same reasons, we do not agree with the District Court's determination that amendment of Patrick's complaint would have been futile on the ground that *all* of his claims are time-barred. Instead, amendment would have been futile because some claims are untimely, and because the remainder are Heck-barred.

4

claims are only properly dismissed as <u>Heck</u>-barred, the District Court's September 8,

2022 order must be modified to reflect that dismissal of those claims is *without* prejudice.

<u>See</u> <u>Curry v. Yachera</u>, 835 F.3d 373, 379 (3d Cir. 2016).[4]

       Accordingly, we will modify the District Court's September 8, 2022 order in the

manner described above, and will affirm it as modified. Patrick's motion to expedite the

appeal is denied as moot.

---

[4] Abstention under <u>Younger</u> requires that there be "an ongoing judicial proceeding." <u>PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.</u>, 978 F.3d 871, 879 n.3 (3d Cir. 2020). It is not apparent from the record on appeal that there was something pending in Patrick's criminal case between (1) the time he filed this § 1983 action and (2) the issuance of the Magistrate Judge's Report (which, as noted above, relied on <u>Younger</u> abstention as an alternative basis for dismissal). <u>See</u> <u>id.</u> at 885; <u>cf.</u> <u>Tokyo Gwinnett, LLC v. Gwinnett County, Ga.</u>, 940 F.3d 1254, 1268 (11th Cir. 2019).