**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1477
_____

RICHARD EDWARD WEBER,
Appellant

v.

ERIE COUNTY; ERIE COUNTY PRISON; WARDEN BRYANT;
MAJOR SYMOUR; LT BOLT; LT DEFRANCO; NURSE 1 BRIANNA MUSSINA;
DW MICHAEL HOLMAN; CAPTAIN HERMAN; LT BENDER;
LT STEVENS; RYAN VOLZ; ROBERT SAMLUK; MICHAEL BEGANICS;
COREY GOSS; MEAGEN CARNEY; AMANDA MARIE MILLER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00167)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2025
Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: March 13, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Richard Edward Weber appeals from the District Court's judgment in his prison civil rights action. We will affirm.

I.

Weber's amended complaint raised claims of cruel and unusual punishment, excessive force, and civil conspiracy in violation of 42 U.S.C. §§ 1983, 1985, and 1986. Weber alleged that his ex-paramour, Defendant Amanda Marie Miller, paid corrections employees thousands of dollars to assault Weber while he was detained pretrial at Erie County Prison. At least four times per day for nearly two years, the corrections defendants allegedly tased, pepper sprayed, and beat Weber. Weber alleged that he cannot recall these events because he was drugged by Defendant Brianna Mussina, a nurse at Erie County Prison, but that he learned from a third party about the events in November 2022.

Weber initially filed his complaint in the Erie County Court of Common Pleas, but the defendants removed it to the United States District Court for the Western District of Pennsylvania. All defendants asserted statute of limitations defenses, moving for dismissal or, in the alternative, summary judgment. The Magistrate Judge issued a report recommending granting the defendants' motions. The District Court overruled Weber's objections, adopted the report, and entered judgment in the defendants' favor. Weber moved for reconsideration, and the District Court denied his motion.

Weber timely appealed and has moved for the appointment of appellate counsel.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we conduct a plenary review of the District Court's disposition of a case based on the statute of limitations. See Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009). We may affirm the District Court's judgment on any basis supported by the record. See Hildebrand v. Allegheny County, 757 F.3d 99, 104 (3d Cir. 2014).

III.

The District Court determined that Weber's § 1985 and § 1986 claims were time-barred. We need not reach that issue, because even if they were not, they fail on the merits. Weber's § 1985 civil conspiracy claim fails because he never plausibly alleged that any defendant was "motivated by a racial or class based discriminatory animus" to deprive him of equal protection of the laws. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Rather, Weber alleged that Miller, for reasons not specified, paid corrections employees to harm him. By extension, Weber's § 1986 claim fails because he never plausibly alleged that any defendant had knowledge of, and failed to prevent, a violation of § 1985. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994).

That leaves Weber's § 1983 claims. The statute of limitations for such claims is governed by a mix of federal and state law: Federal law determines when the limitations period accrues, while the law of the state where the cause of action arose provides the length of the limitations period and most tolling principles. See Kach, 589 F.3d at 634, 639; Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018). A two-year statute of

3

limitations applies to § 1983 claims filed in Pennsylvania. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (applying 42 Pa. Cons. Stat. § 5524).

Here, the parties dispute only whether Weber's untimely filed § 1983 claims can be rescued through equitable tolling.[1] Weber initially asserted that the statute of limitations "should be tolled due to 'mental, medical, and physical' incapacity or alternatively, due to repressed memory of the underlying incidents of excessive force, and cruel and unusual punishment," based on federal equitable tolling principles. See ECF No. 55 at 1-2. Weber requested a court order to obtain his medical files from SCI Camp Hill, which he believed would substantiate his claim that he suffered an "over 3 month . . . p[s]ychotic break" that rendered him incompetent to file his complaint. See ECF No. 79. In denying that discovery order, the Magistrate Judge correctly determined that Pennsylvania law forecloses tolling on these grounds: A Pennsylvania statute specifically excludes "mental incapacity" as a ground for tolling the statute of limitations in tort cases, and the Supreme Court of Pennsylvania has expressly rejected an argument that the repression of memories should toll the limitations period until the litigant "discovers" those memories. See 42 Pa. Cons. Stat. § 5533(a); Dalrymple v. Brown, 701 A.2d 164, 169-71 (Pa. 1997).

However, Pennsylvania's approach is at odds with federal tolling principles, where mental incompetence can support equitable tolling. See Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000) (remanding case and noting that cognitively disabled plaintiff might

---

[1] The parties do not dispute the accrual date on appeal.

be entitled to equitable tolling).  And in exceptional circumstances, federal tolling principles can override state tolling rules that conflict with federal law or policy.  See id. at 368-70; Kach, 589 F.3d at 639, 643 & n.19.  But we will not consider whether Weber could have been entitled to federal tolling based on his allegations of mental incapacity, because Weber has forfeited this issue on appeal.  In a June 2024 order, we specifically instructed the parties to address the issue. See C.A. No. 15.  In October, Weber requested leave to file supplemental briefing, claiming that he never received our June order and first learned about it through the Appellees' briefs. See C.A. No. 42.  We granted his request, and we later allowed him an extension of time. After all that, Weber submitted a single-page supplemental brief that merely paraphrased our June order.[2]  We agree with the Appellees that Weber has forfeited the issue by failing to develop it, and we find no extraordinary circumstances that warrant reaching the forfeited issue.  See Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 145-47 (3d Cir. 2017); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").  Nothing in the record suggests that Weber could the exceptional circumstances outlined in Lake and Kach.

After it became clear that Pennsylvania law did not support his mental incapacity tolling theories, Weber pivoted: He argued that New York's tolling principles should

---

[2] Weber merely asserted that the District Court "should have applied equitable tolling while the appellant was mentally incapacitated during the alleged events," and "should have allowing [sic] the appellant discovery motion to be granted to further prove appellants claims of mental incapacity," and cited the same cases from our June 2024 order. See C.A. No. 48.

have applied instead of Pennsylvania's, based on a new affidavit from a witness who alleged that two defendants had a conspiratorial conversation in New York. He does not mention this issue on appeal, so it, too, is forfeited.

Weber has only adequately briefed his final tolling argument, which was based on a statewide closure of Pennsylvania courts due to the COVID-19 pandemic. But Weber raised this argument for the first time in his motion for reconsideration of the District Court's judgment. The District Court appropriately determined that Weber could have presented this court-closure argument long before judgment was entered, since the court closure allegedly ended on June 6, 2021,[3] about two years before Weber filed his complaint.

Accordingly, we will affirm the District Court's judgment. Weber's motion for appointment of counsel is denied.

---

[3] Weber asserted that "the Supreme Court of Pennsylvania reinstated normal operations" on June 6, 2021. See C.A. No. 24 at 3.